[No. C053674. Third Dist. Oct. 24, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
TIMOTHY DONALD HERTZIG, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts I.A., II., III.A., and III.B.

Counsel

John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, David A. Rhodes and Clayton S. Tanaka, Deputy Attorneys General, for Plaintiff and Respondent.

Opinion

**RAYE, J.**—While representing himself against charges he committed lewd and lascivious acts with his 6-year-old daughter and had sexual intercourse with his 15-year-old sister, defendant Timothy Donald Hertzig attempted to sever 10 counts of possessing child pornography. A jury convicted him on all charges. We agree with defendant that possession of multiple video images on his computer constituted a single count of possession, but in the unpublished portions of this opinion, we reject his contentions that the trial court abused its discretion by denying his request for severance, refusing to allow him to withdraw his waiver of the right to counsel, and by admitting evidence of prior acts of molestation.

## FACTS

The prosecution presented a chronology portraying a disturbing pattern of defendant's sexual exploitation of young girls. It began in 1996 when defendant, then 18, put his hand in the shirt of his friend's 14-year-old sister and then down her pants. She reported the incident to the police.

In 1998 defendant's sister, Kelly,[1] told his then girlfriend, Debbie, that defendant had touched her breasts and genitals. Debbie also reported the incident. When interviewed, 10-year-old Kelly told the detective that defendant had licked her private area, placed his finger in her rectum, and "[got] her wet." She told a nurse practitioner that defendant had ejaculated on her stomach. A physical examination revealed a healed injury to Kelly's hymen. Not long thereafter Kelly told an interviewer at the multidisciplinary interview center that defendant had undressed her, "kissed me down there," touched her "private" with "his hand and his thing," and "made himself pee," and that "white" pee got on her body. She also reported that on other occasions he used his tongue on her private and put his finger in her bottom.

---

[1] The names of the victims have been changed to protect their privacy.

Defendant denied Kelly's accusations. Two days after Kelly disclosed the molestations to Debbie, defendant married Debbie in an impromptu exchange of vows in Lake Tahoe. Defendant and Debbie's first-born daughter, Laura,[2] was born late that year.

The marriage was tumultuous. By 2002 Debbie suspected defendant was having a sexual relationship with Kelly. When confronted, defendant told Debbie she was crazy and that he would never do anything like that.

In July 2005 Laura told her mother's friend that her father had touched her vagina and rectum. Later the same day, she told a police officer that defendant had touched her "pee-pee" and bottom; she described three separate attacks involving the touching of her rectum and vagina, and vaginal intercourse in the bedroom, shower, and on the couch. An examination revealed a healed hymenal cleft and granulation tissue consistent with a penetrating injury.

In early August 2005 police seized a computer from defendant's residence. Videos containing images of children engaged in sexual acts were found on the computer.

Kelly gave birth to premature twins in January 2006. Through DNA testing, the prosecution ascertained that defendant was the father of the twins, one of whom died during defendant's trial.

On February 16, 2006, an amended information was filed charging defendant with five counts of committing a lewd and lascivious act with a child under the age of 14 (Pen. Code, § 288, subd. (a);[3] counts one, two, three, five & six) and alleging that the offenses involved two or more victims (§ 667.61, subd. (e)(5)); unlawful sexual intercourse (§ 261.5, subd. (c); count four); and 10 counts of possession of child pornography (§ 311.11, subd. (a); counts seven through sixteen).

Defendant represented himself at trial but did not testify. After vigorous cross-examination of the prosecution's witnesses, including Debbie and Laura, defendant argued to the jury that Debbie, with the wrath of a "woman scorned," coached their six-year-old daughter to fabricate the allegations of molestation and loaded pornographic videos onto her laptop computer to deprive him of custody of their four children. He attacked her credibility, veracity, motives, capacity, and intentions. Faced with DNA evidence of paternity, he admitted having a sexual relationship with Kelly but denied molesting her when she was nine or his daughter when she was six.

---

[2] See footnote 1, *ante.*

[3] All further statutory references are to the Penal Code unless otherwise indicated.

Convicted by a jury on all counts, defendant appeals.

## DISCUSSION

## I. CHILD PORNOGRAPHY

A. *Severance**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

B. *Multiple Counts of Possession*

Analogizing to the possession of several baggies of marijuana, defendant persuasively argues that his possession of 30 video images on the laptop computer constituted but a single violation of section 311.11. He was charged with and convicted of 10 separate counts. The Attorney General justifies the multiple counts based on the separate existence of each pornographic video and the fact that different child victims appeared in the videos. The Attorney General concludes that "because of the nature of the child pornography, and the 30 separate images involved, the charging of ten violations of Penal Code section 311.11, subdivision (a) did not constitute an impermissible splitting of charges." We disagree.

Section 311.11, subdivision (a) provides: "Every person who knowingly possesses or controls any matter, representation of information, data, or image, including, but not limited to, any film, filmstrip, photograph, negative, slide, photocopy, videotape, video laser disc, computer hardware, computer software, computer floppy disc, data storage media, CD-ROM, or computer-generated equipment or any other computer-generated image that contains or incorporates in any manner, any film or filmstrip, the production of which involves the use of a person under the age of 18 years, knowing that the matter depicts a person under the age of 18 years personally engaging in or simulating sexual conduct, as defined in subdivision (d) of Section 311.4, is guilty of a felony . . . ."

Unsupported by citation to any authority, the Attorney General insists that section 311.11 "was unquestionably promulgated to provide additional protection for children who are subjected to continuing sexual abuse and to provide a penalty for those individuals who partake in viewing child pornography." Nor does he offer any authority for his assertion that each of the videos of child pornography was a "separate entity" constituting multiple violations of the statute. In the absence of any authority to support either rationale, we

---

*See footnote, *ante*, page 398.

reject the notion that possession of multiple images on one computer under the present circumstances can result in multiple violations of the possession statute.

*People v. Luera* (2001) 86 Cal.App.4th 513 [103 Cal.Rptr.2d 438] (*Luera*), cited by the Attorney General, does not suggest otherwise. In *Luera*, the police confiscated several computers and found multiple images of child pornography on two hard drives. (*Id.* at p. 517.) The opinion recounts that Luera was convicted of "felony possession of child pornography" and was sentenced to three years' probation. (*Id.* at p. 516.) While the issue before us was not addressed in *Luera*, there is nothing in the opinion or the sentence to suggest that Luera was charged with and convicted of multiple counts of violating section 311.11 despite the fact, as here, that multiple images were downloaded onto his computer.

Two recent cases of this court also involved but one count of possessing child pornography despite the possession of multiple computers or multiple images. (*People v. Harrisson* (2005) 134 Cal.App.4th 637 [36 Cal.Rptr.3d 264]; *People v. Woodward* (2004) 116 Cal.App.4th 821 [10 Cal.Rptr.3d 779].) Again, neither case addresses the issue presented here—whether multiple images constitute multiple violations of the possession statute. Cases involving other crimes of possession, however, provide guidance.

First, we point out that the problem we confront is multiple convictions, not multiple punishments. (*People v. Schroeder* (1968) 264 Cal.App.2d 217, 228 [70 Cal.Rptr. 491].) Turning then to the issue of multiple convictions for possession offenses, several principles emerge. In *People v. Harris* (1977) 71 Cal.App.3d 959 [139 Cal.Rptr. 778] (*Harris*), the defendants were convicted of nine counts of possessing property with altered serial numbers. The property included four television sets, two pairs of wood speakers, a stereo component system, a tape deck, and a clock radio. The court held that the simultaneous possession of only one classification of contraband constituted but a single violation of the statute. The court concluded, "[I]t would be unreasonable to fragment the simultaneous possession of the various articles described in Penal Code section 537e into separate acts of possession by category of the items enumerated." (*Harris*, at p. 971.)

Similarly, in *People v. Bowie* (1977) 72 Cal.App.3d 143 [140 Cal.Rptr. 49] (*Bowie*), the defendant was charged with and convicted of 11 counts of violating section 475 for possessing 11 identical blank checks. His motion to consolidate the 11 counts into a single count based on the single act that constituted but one violation of the statute was denied. (*Bowie*, at p. 156.) Again, the multiple convictions were reversed. The court analogized to a statute prohibiting an unnaturalized, foreign-born person from possessing a

weapon. Relying on *People v. Puppilo* (1929) 100 Cal.App. 559 [280 P. 545], wherein the court held that the possession of two pistols in the defendant's home on a certain date could be only one crime, not two, the court in *Bowie* concluded the defendant's possession of 11 checks on the same date could be only one crime, not 11. (*Bowie, supra,* 72 Cal.App.3d at pp. 156–157.)

Presiding Justice Puglia utilized the same rationale in holding "that contemporaneous possession in a state prison of two or more discrete controlled substances (here methamphetamines and heroin) at the same location constitutes but one offense under Penal Code section 4573.6." (*People v. Rouser* (1997) 59 Cal.App.4th 1065, 1067 [69 Cal.Rptr.2d 563].) Although two different controlled substances were involved, the court applied the general principle that a "single crime cannot be fragmented into more than one offense." (*Id.* at p. 1073.) The court therefore dismissed one count for the possession of heroin.

*People v. Rowland* (1999) 75 Cal.App.4th 61 [88 Cal.Rptr.2d 900] (*Rowland*) reached the same result for weapons possession. We held that the defendant could not be properly convicted of more than one count of section 4502, subdivision (a) where he possessed three weapons of the same type at the same time. (*Rowland,* at p. 64.)

■ We apply the logic of these various possession cases to the possession of child pornography. Here defendant was in possession of the laptop computer with 30 different pornographic videos involving children. The act proscribed by section 311.11 is the act of possessing child pornography, not the act of abusing or exploiting children. Like the 11 blank checks, the nine different pieces of property with defaced or obliterated serial numbers, the two different kinds of controlled substances, or the three weapons of the same type, defendant violated a provision of the Penal Code by the solitary act of possessing the proscribed property. And like the courts in these varied types of possession cases, we are not at liberty to fragment a single crime into more than one offense. As a result, we too must reverse the multiple convictions for nine of the 10 counts of violating section 311.11 and remand the case for resentencing.

## II., III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 398.

## DISPOSITION

Nine of the 10 counts for possessing child pornography in violation of section 311.11 are reversed and dismissed, and the case is remanded to the trial court for resentencing. In all other respects, the judgment is affirmed.

Davis, Acting P. J., and Robie, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 30, 2008, S158382. George, C. J., did not participate therein.