[No. F054453. Fifth Dist. Dec. 22, 2008.]

THE PEOPLE, Plaintiff and Appellant, v.
ERIC MANFREDI, Defendant and Respondent.

**COUNSEL**

Phillip J. Cline, District Attorney, Don H. Gallian and William E. Yoshimoto, Assistant District Attorneys, Barbara J. Greaver and Paula C. Clark, Deputy District Attorneys, for Plaintiff and Appellant.

Michael B. Sheltzer, Public Defender, Lisa Bertolino-Meuting, Assistant Public Defender, and Neal Pedowitz, Deputy Public Defender, for Defendant and Respondent.

## OPINION

**VARTABEDIAN, Acting P. J.**—The trial court granted, without leave to amend, the demurrer of respondent Eric Manfredi (defendant) to numerous counts of possession of child pornography (Pen. Code, § 311.11),[1] finding that the discovery of multiple images of child pornography in defendant's home could not be fragmented into multiple counts. The People appeal, arguing that the trial court abused its discretion when it granted the demurrer without leave to amend because the complaint alleged a separate piece of physical media as to each count. A reading of the statute and relevant cases concerning possession offenses convinces us that the statute is ambiguous and must be resolved in favor of defendant's argument that his simultaneous possession of multiple child pornography materials at the same location is chargeable as but one criminal offense under that specific statute. Accordingly, we affirm.

### Procedural and Factual Background

A warrant was obtained to search defendant's home. During the search, officers found child pornography on defendant's computer. The computer and several discs were seized. The computer and discs contained numerous images of sexual acts with young boys. A second search was authorized and more pornography was found. As a result of the seizure of the pornography, minor victims of sexual crimes perpetrated by defendant were identified. In a 46-count complaint, defendant was charged with numerous counts of possession of child pornography as well as numerous counts of sexual activity with minors.[2] (Super. Ct. Tulare County, 2007, No. VCF160436.)

Prior to the preliminary hearing, the court ruled on the motion to suppress filed by defendant claiming the search of his home was illegal. The trial court granted the motion to suppress and dismissed all of the possession of child pornography charges. The court proceeded to the preliminary hearing on the remaining counts, and defendant was held to answer. The court denied the People's request to reinstate the dismissed counts. The People appealed. We disagreed with the trial court and found the search to be a valid search. In our opinion filed April 10, 2007, we reversed the denial of the People's motion to reinstate the criminal complaint.

Prior to the issuance of our opinion in case No. F050483, on June 26, 2006, a first amended information in case No. VCF160436 was filed against

---

[1] All future code references are to the Penal Code unless otherwise noted.

[2] We have taken judicial notice of our prior opinion in this case in *People v. Manfredi* (Apr. 10, 2007, F050483) (nonpub. opn.).

defendant based on the 24 counts of sexual activity with minors that remained after the preliminary hearing.

After our opinion in case No. F050483 was final, the People attempted to refile the felony complaint in case No. VCF160436 containing all counts that had been dismissed as a result of the motion to suppress and additional counts based on their continuing investigation from the property recovered during the search. This complaint did not contain the 24 counts of sexual activity because those counts were contained in the information that was filed after the preliminary hearing. The People's attempt to refile the complaint was refused by the clerk. The People then filed a complaint containing counts 1 to 109, including the 24 counts that had already become an information in case No. VCF160436. This new complaint was assigned a new case number, No. VCF188936.

Defendant filed demurrers to both complaints. At issue here is the final demurrer to case No. VCF188936 where defendant claimed that he could be charged with only one count of possession of child pornography. The complaint in that case, as it stood at the time of the demurrer, contained counts 1 through 4, alleging that defendant committed the crime of sexual exploitation of a child in violation of section 311.3. In count 6, defendant was charged with using a minor for sex acts in violation of section 311.4. Count 7 was an allegation of presentation of obscene conduct in violation of section 311.6. Counts 5, 8 through 28, and 94 through 109 charged defendant with misdemeanor possession of child pornography occurring on or about March 1, 2006, in violation of section 311.11. Each count of possession of child pornography identified a specific piece of child pornography. Counts 29 through 93 alleged various felony sex crimes against minors.

Relying upon the recent opinion of *People v. Hertzig* (2007) 156 Cal.App.4th 398 [67 Cal.Rptr.3d 312] (*Hertzig*), defendant argued in his demurrer that it was error to fragment the possession of child pornography into multiple counts and that he could be charged with one count only of possession of child pornography. The People argued that defendant could be charged with multiple counts because he possessed multiple computers, multiple hard drives, multiple discs, and multiple tapes. The trial court followed *Hertzig* and granted the demurrer without leave to amend as to counts 8 through 28 and 94 through 109. Count 5 remained as the only count charging defendant with possession of child pornography.

The People filed a timely notice of appeal.

## Discussion

We begin our discussion with a brief history of the laws surrounding the possession of obscene materials. "At the time California adopted its obscenity prosecution scheme in 1961, the Legislature did not enact a specific statute prohibiting the possession or distribution of child pornography. In 1969, the United States Supreme Court struck down a Georgia law banning the private possession of obscene material as violative of the First Amendment. (*Stanley v. Georgia* (1969) 394 U.S. 557, 568 [22 L.Ed.2d 542, 89 S.Ct. 1243].) In 1973, the United States Supreme Court issued *Miller* [*v. California* (1973) 413 U.S. 15, 24–25 [37 L.Ed.2d 419, 93 S.Ct. 2607]], augmenting *Roth*'s [*Roth v. United States* (1957) 354 U.S. 476 [1 L.Ed.2d 1498, 77 S.Ct. 1304]] 'prurient interest' test with a more elaborate test requiring an inquiry into the value of the questioned material.

"In 1982, the United States Supreme Court issued *New York v. Ferber* (1982) 458 U.S. 747 [73 L.Ed.2d 1113, 102 S.Ct. 3348], distinguished on other grounds in *Ashcroft v. Free Speech Coalition* (2002) 535 U.S. 234 [152 L.Ed.2d 403, 122 S.Ct. 1389]. *Ferber* held that distribution of child pornography abused children; child pornography was not subject to the *Miller* test; and distribution could be banned. (*Ferber*, at pp. 757, 760–761 [73 L.Ed.2d at pp. 1122–1125].)

■ "In 1989, California added section 311.11, prohibiting private possession of images of minors under the age of 14 engaging in or simulating sexual conduct. (Added by Stats. 1989, ch. 1180, § 2, p. 4568.)

■ "In 1990, the United States Supreme Court upheld an Ohio statute that prohibited private possession of child pornography. (Ohio Rev. Code Ann. tit. 29, ch. 7, § 2907.323, subd. (A)(3); *Osborne v. Ohio* (1990) 495 U.S. 103 [109 L.Ed.2d 98, 110 S.Ct. 1691].) The high court upheld the state's interest in regulating child pornography because the participants in child pornography are victims of child abuse and the materials are used in a market to exploit children. (*Osborne*, at pp. 109, 111 [109 L.Ed.2d at pp. 108–110].) Unlike adult pornography, child pornography is obscenity per se—the prurient interest of the viewer is irrelevant." (*People v. Woodward* (2004) 116 Cal.App.4th 821, 838–839 [10 Cal.Rptr.3d 779], fn. omitted.)

"[A] demurrer raises an issue of law as to the sufficiency of the accusatory pleading, and it tests only those defects appearing on the face of that pleading." (*People v. Williams* (1979) 97 Cal.App.3d 382, 387–388 [158 Cal.Rptr. 778].) After a demurrer is sustained, the right of the prosecution to amend an information is subject to the discretion of the trial court. The decision of the trial court will not be overruled absent a clear abuse of

discretion. (*People v. Flowers* (1971) 14 Cal.App.3d 1017, 1020 [92 Cal.Rptr. 647].) The prosecution may appeal from an order sustaining a demurrer. (§ 1238.)

In the present case, the trial court dismissed without leave to amend all but one count of possession of child pornography in violation of section 311.11. Section 311.11, subdivision (a) provides: "Every person who knowingly possesses or controls any matter, representation of information, data, or image, including, but not limited to, any film, filmstrip, photograph, negative, slide, photocopy, videotape, video laser disc, computer hardware, computer software, computer floppy disc, data storage media, CD-ROM, or computer-generated equipment or any other computer-generated image that contains or incorporates in any manner, any film or filmstrip, the production of which involves the use of a person under the age of 18 years, knowing that the matter depicts a person under the age of 18 years personally engaging in or simulating sexual conduct, as defined in subdivision (d) of Section 311.4, is guilty of a felony and shall be punished by imprisonment in the state prison, or a county jail for up to one year, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both the fine and imprisonment."[3]

As previously stated, the trial court sustained the demurrer based on the Court of Appeal, Third Appellate District, opinion in *Hertzig, supra*, 156 Cal.App.4th 398. We thus evaluate the *Hertzig* decision to determine if we agree with it and if it was correctly applied in this instance.

In *Hertzig*, the defendant was found guilty of numerous sex crimes against minors and 10 counts of possession of child pornography in violation of section 311.11. The child pornography counts arose from the seizure of a computer from the defendant's residence that contained video images of children engaged in sexual acts. The defendant was convicted by a jury on all counts. He appealed, claiming his possession of 30 video images on his laptop computer constituted a single violation of section 311.11. (*Hertzig, supra*, 156 Cal.App.4th at pp. 400–401.)

The appellate court agreed with the defendant. It rejected the Attorney General's arguments that "section 311.11 'was unquestionably promulgated to provide additional protection for children who are subjected to continuing sexual abuse and to provide a penalty for those individuals who partake in viewing child pornography . . .' [and] that each of the videos of child pornography was a 'separate entity' constituting multiple violations of the statute." (*Hertzig, supra*, 156 Cal.App.4th at p. 401.) The court found those

---

[3] Unless otherwise noted, our citation to section 311.11 is to the section as it appeared in 2006, the date of the charges against defendant. As will be discussed later, the statute has not to date been changed in any way material to our discussion.

arguments were unsupported by any authority and rejected the "notion that possession of multiple images on one computer under the present circumstances can result in multiple violations of the possession statute." (*Id.* at pp. 401–402.)

The *Hertzig* court relied on a series of possession cases, not involving child pornography, in reaching its decision: *People v. Harris* (1977) 71 Cal.App.3d 959 [139 Cal.Rptr. 778] (*Harris*) (nine counts of possessing property with altered serial numbers alleged), *People v. Bowie* (1977) 72 Cal.App.3d 143 [140 Cal.Rptr. 49] (11 counts alleged for possession of 11 identical blank checks), *People v. Rouser* (1997) 59 Cal.App.4th 1065 [69 Cal.Rptr.2d 563] (two different controlled substances involved), and *People v. Rowland* (1999) 75 Cal.App.4th 61 [88 Cal.Rptr.2d 900] (possession of three weapons of the same type at the same time). (*Hertzig, supra,* 156 Cal.App.4th at pp. 402–403.)

Noting the problem was one of multiple convictions, not multiple punishments, the *Hertzig* court reasoned: "We apply the logic of these various possession cases to the possession of child pornography. Here defendant was in possession of the laptop computer with 30 different pornographic videos involving children. The act proscribed by section 311.11 is the act of possessing child pornography, not the act of abusing or exploiting children. Like the 11 blank checks, the nine different pieces of property with defaced or obliterated serial numbers, the two different kinds of controlled substances, or the three weapons of the same type, defendant violated a provision of the Penal Code by the solitary act of possessing the proscribed property. And like the courts in these varied types of possession cases, we are not at liberty to fragment a single crime into more than one offense. As a result, we too must reverse the multiple convictions for nine of the 10 counts of violating section 311.11 and remand the case for resentencing." (*Hertzig, supra,* 156 Cal.App.4th at p. 403.)

Concerning whether *Hertzig* is good law, the People point out that they argued the case of *In re Duncan* (1987) 189 Cal.App.3d 1348 [234 Cal.Rptr. 877] in the trial court as a case that holds the opposite of *Hertzig*. Additionally, the People contend that public policy concerns mandate stricter scrutiny for crimes of possession of child pornography as distinguished from the cases relied on in *Hertzig* that involved stolen property, controlled substances, and weapons.

Defendant argues that the People's reliance on *Duncan* is misplaced. Defendant does not address the public policy arguments made by the People.

We agree with defendant that reliance on *Duncan* is misplaced. Duncan was convicted of two counts of violating section 311.3 because he did

" 'willfully, unlawfully, and knowingly photograph, develop, duplicate, print, or exchange' " photographs. Duncan's two convictions were based on the discovery of numerous Polaroid pictures. It was shown at trial that several of the pictures were in existence in 1977, and several others had been reproduced in 1983. (*In re Duncan, supra*, 189 Cal.App.3d at pp. 1353–1354.)

Duncan raised numerous contentions in his petition for writ of habeas corpus, including that he could not be sentenced for both convictions. The appellate court disagreed because the evidence clearly demonstrated that he duplicated photographs on at least two separate occasions. (*In re Duncan, supra*, 189 Cal.App.3d at p. 1365.)

*Duncan* is distinguishable because it involves a different code section, the appellate court was not asked to determine the issue now before us, and it was established by the evidence that Duncan violated the statute in question by his actions on two clearly separate occasions.

The People's public policy argument—that stricter scrutiny of possession of child pornography is mandated and cannot be analogized to possession of stolen property, controlled substances and weapons—also fails. As an example of this difference, the People claim that a victim of stolen property is the victim of a one-time event, the theft, but a victim of child pornography is subject to continual revictimization in permanent media. While we agree that a depiction of child pornography is capable of being reproduced innumerable times, each individual who is in possession of that piece of child pornography is subject to prosecution. Each separate person who possesses the same depiction of child pornography is subject to prosecution, whether that is one person or one million people; each time the child pornography falls into the hands of an individual, a prosecution is authorized. Thus, although there is the possibility of a "revictimization" based on the same matter, each possession of that matter is subject to a new prosecution on each separate occasion and with each separate possessor. In addition, there are numerous statutes punishing all of the various aspects associated with child pornography.

Even if we view *Hertzig* as good law, as we do, the People argue that *Hertzig* was too narrowly construed here by the trial court because in *Hertzig* there was only one computer (one piece of physical media in one container) while here the complaint alleged 38 specific types of containers. Defendant disagrees.

We too disagree with the People's attempt to so narrowly construe *Hertzig*. In rejecting "the notion that possession of multiple images on one computer under the present circumstances can result in multiple violations of the possession statute" (*Hertzig, supra*, 156 Cal.App.4th at p. 402), the *Hertzig*

court came to its conclusion by relying on the aforementioned possession cases where a person in possession of numerous items of property could only be convicted of one count for the possession of the entire group of items, regardless of the number of containers. We find the cases relied on in *Hertzig* were decided based on more than just the simple principle that possession of multiple items at one time can only constitute one possession offense; and that the statutory categorization of singular possession is not dependent on the items being found in but one container. A closer look at the cases relied on in *Hertzig* supports this finding.

In *Harris, supra,* 71 Cal.App.3d 959, a case from this court, the defendants were convicted of nine counts of violating section 537e, possession of articles with defaced or obliterated serial numbers or identification plates. Each count listed a different item of property including several television sets, a stereo set, two different sets of speakers, a tape deck and a radio. The items were all seized at the same time during a search warrant. On appeal the defendants asserted they could be convicted of only one count of violating section 537e. We agreed.

First we acknowledged the long line of cases concerning unlawful possession of drugs that allowed "multiple conviction (and punishment) where the drugs were chemically of more than one kind, though of the same legal classification, and proscribed by one statute." (*Harris, supra,* 71 Cal.App.3d at p. 969.) We noted that in drug possession cases a defendant could not be convicted more than once of simultaneous possession of a substance or its derivatives when that substance or derivative was contained in only one subdivision of the code section. A defendant possessing drugs could be convicted of separate offenses when the drugs possessed fell under different subdivisions of the same code section. (*Id.* at pp. 969–970.)

We rejected the People's urging to draw an analogy between the drug cases and the possession case before us and found it would be nonsensical to hold that a defendant can be convicted of as many offenses as there are specific kinds of property specified in section 537e. "[I]t would seem nonsensical to permit two convictions based upon the possession of a radio and piano . . . and permit only one conviction for possession of two radios . . . ." (*Harris, supra,* 71 Cal.App.3d at p. 970.) We also noted that we could find no cases where the courts extended the principle of narcotics cases to other property. In doing so we pointed to cases where the opposite was held, such as *People v. Puppilo* (1929) 100 Cal.App. 559 [280 P. 545], where the court held that the defendant could be convicted of only one count of illegal possession of concealable firearms even though officers found two different weapons in his home. (*Harris, supra,* at pp. 970–971.)

We found that dual possession convictions could stand when the simultaneous possession was of two different types of property proscribed by different statutes. In conclusion, we found "that no public policy argument akin to that involved in the drug cases would apply to permit punishment of a defendant based upon different devices specified in Penal Code section 537e. Our analysis leads us to the conclusion that it would be unreasonable to fragment the simultaneous possession of the various articles described in Penal Code section 537e into separate acts of possession by category of the items enumerated." (*Harris, supra*, 71 Cal.App.3d at p. 971.)

*People v. Bowie, supra*, 72 Cal.App.3d 143, was also relied on in *Hertzig*. In *Bowie* the defendant was found in the possession of 11 identical blank checks. He was charged with and convicted of 11 counts of possession of blank checks with intent to defraud. On appeal he claimed he should have been convicted of only one count because his possession of the 11 identical blank checks was a single act. The statute (former § 475) stated that "[e]very person who . . . has or keeps in his possession . . . any blank or unfinished check" with the requisite intent is guilty of a violation of former section 475. (*People v. Bowie, supra*, at p. 156.) Relying on *People v. Puppilo, supra*, 100 Cal.App. 559, the appellate court found that "[a]lthough the statute refers to 'any check,' the singular includes the plural." (*People v. Bowie, supra*, at p. 156.) The appellate court rejected the respondent's argument that there were 11 potential victims as the controlling factor because the crime there was based on possession, as opposed to forgery. The court held that the defendant properly could be convicted of only one count based on the 11 checks. (*Id.* at p. 157.)

The next in the line of cases relied on in *Hertzig* to support that court's conclusion that there was but a solitary act of possession of child pornography is the case of *People v. Rouser, supra*, 59 Cal.App.4th 1065. In *Rouser*, the appellate court considered whether the defendant was properly convicted of two counts of possession of a controlled substance by a prisoner when the substances were different (methamphetamine and heroin) but were found in his cell at the same time and in the same location. The statute in question at that time, section 4573.6, provided in relevant part: "Any person who knowingly has in his or her possession in any state prison . . . any controlled substances . . . without being authorized to so possess the same . . . is guilty of a felony . . . ." (See *People v. Rouser, supra*, at pp. 1067–1068.)

The *Rouser* court relied on the case of *People v. Kirk* (1989) 211 Cal.App.3d 58 [259 Cal.Rptr. 44]. "In *Kirk*, the issue was whether the defendant could be convicted of two violations of former section 12020 for his possession of two sawed-off shotguns found at the same time and place. Former section 12020 declared that 'Any person . . . who possesses . . . any

instrument or weapon of the kind commonly known as a . . . sawed-off shotgun . . . is guilty of a felony . . . .' (211 Cal.App.3d at pp. 60–61.) In finding former section 12020 ambiguous, the court stated, 'By its use of the term "any" rather than "a," the statute does not necessarily define the unit of possession in singular terms. [Citation.] The statutory ambiguity is compounded by section 7 which provides in pertinent part that "the singular number includes the plural, and the plural the singular . . . ." "The rule of construction enunciated in section 7 is no mere rubric—it is the law." [Citation.] Read together, former section 12020, subdivision (a) and section 7 fail to provide any warning that separate convictions will result for each weapon simultaneously possessed.' (211 Cal.App.3d at p. 65.)" (*People v. Rouser, supra*, 59 Cal.App.4th at p. 1070.)

In addition, the *Rouser* court relied on the previously discussed case of *Harris* from this court. The *Rouser* court concluded that a single crime cannot be fragmented into more than one offense and Rouser was entitled to the benefit of any ambiguity in section 4573.6. "A statute intended at least in part to address problems of prison administration prohibits possession of 'any controlled substances' in prison. The quoted phrase describes a single offense irrespective of how many controlled substances are possessed, as here, at the same time and in the same place." (*People v. Rouser, supra*, 59 Cal.App.4th at p. 1073.)

The final case utilized in *Hertzig* to support the court's conclusion was *People v. Rowland, supra*, 75 Cal.App.4th 61. The defendant in *Rowland* was found to possess three wood shafts with sharpened ends, all located in his laundry bag during a random search in prison. He was convicted of three counts of unlawful possession of a weapon while in state prison in violation of section 4502. On appeal he asserted he could only be convicted of a single count for possession of three of the same type of weapon found at the same time and same place. The appellate court agreed and relied on the *Kirk* case, just as the court in *Rouser* did. "[S]ection 4502, subdivision (a), provides that, 'Every person who, while at or confined in any penal institution . . . possesses . . . *any* dirk or dagger or sharp instrument . . . is guilty of a felony . . . .' " (*People v. Rowland, supra*, at p. 65.) The *Rowland* court noted that subsequent to *Kirk* legislation was added that stated for certain possession crimes, including the crime of which Kirk was convicted, " 'each firearm, weapon, or device enumerated therein shall constitute a distinct and separate offense.' " (*Ibid.*) The Legislature added the new language with the express intent of overruling the holding in *Kirk*.

The *Rowland* court noted that the Legislature did not include section 4502 in the new legislation concerning the possession of weapons, requiring a separate charge for each weapon possessed. The court concluded that the

defendant was improperly convicted of two of the three counts because the new legislation did not apply to a violation of section 4502. "It would nullify the applicable rule of statutory construction to read into this legislative pronouncement an intent to extend the statutory definition of the word 'any' set forth in subdivisions (k) and (*l*) to all weapons statutes wherever found, even though only certain statutes were specified in those subdivisions. To hold otherwise would be to speculate the Legislature committed an oversight and then, by judicial opinion, to correct that oversight. Were we to indulge in the presumption the Legislature merely overlooked section 4502 at the time it listed the code provisions expressly set forth in subdivisions (k) and (*l*) of section 12001, we would be superimposing on the statute our notion of what the Legislature actually intended when, by the statute's specific written provisions, it did not. We cannot appropriately do any of that. Moreover, were we to adopt that sinuous interpretation of section 4502, we might still be left with a statute that suffered from the same deficiency *Kirk* identified in section 12020, subdivision (a), before the interpretation of the word 'any,' as used in that statute, was mandated by the Legislature. If the Legislature intends the word 'any' as used in section 4502 to have the same meaning as it does in section 12020, subdivision (a), it needs to say so." (*People v. Rowland, supra,* 75 Cal.App.4th at p. 67.)

From the above cases, we draw several comparisons to the present statute. Section 311.11 specifies certain kinds of property that can be the subject of a possession of child pornography charge, and this property is listed in a similar fashion to the statute we analyzed in *Harris, supra,* 71 Cal.App.3d 959 (§ 537e). We agree with *Harris* that it would be nonsensical, for example, to find a defendant could be convicted of only one count of possession of child pornography when there is a massive amount of child pornography on one item of computer hardware, but could be convicted of two counts of possession of child pornography when he is in possession of one photograph and one slide, particularly when the contraband is not set forth in different subdivisions of the same section or different sections altogether.

■ Just as in the statute in question in *People v. Bowie, supra,* 72 Cal.App.3d 143, the statute in question here, section 311.11, criminalizes the possession of "any matter." As set forth in section 7, the singular includes the plural and vice versa. "As used in criminal statutes, the word 'any' has long been construed as ambiguously indicating the singular or the plural." (*People v. Kirk, supra,* 211 Cal.App.3d at p. 62.) The use of the term "any matter" is ambiguous in its meaning, which leads us to the discussion contained in *People v. Rouser, supra,* 59 Cal.App.4th 1065, applying the rule of leniency and providing that a defendant is entitled to the benefit of any ambiguity. This same rule was applied in *Kirk.*

Finally, *People v. Rowland, supra*, 75 Cal.App.4th 61, demonstrates that when the Legislature wants to be specific and provide that the unit of possession be set forth in definite singular terms rather than ambiguous terms that could be plural or singular, it has done so.

The Legislature is presumably aware that the statutes discussed in the above cases bear strong resemblance to section 311.11 in terms of describing the unit of possession, and the Legislature is aware of the case law determining that the pieces of property described in these sections found at the same time and in the same place cannot be fragmented into multiple crimes. Yet, the Legislature has not taken any steps to provide that each single piece of evidence in a child pornography case can be the basis of a separate count.

We note that section 311.11 has been changed since the time defendant was charged in 2006. As a result of Proposition 83, effective November 8, 2006, possession of child pornography is no longer punishable strictly as a misdemeanor, but can now be punished as a felony or misdemeanor. The Proposition 83 materials included statements that child pornography exploits children and that pornography is influential in the actions of sex offenders. One of the purposes of the laws enacted as a result of Proposition 83 was to enact adequate penalties to reflect society's disapproval of this type of activity. Except for altering the punishment and other subdivisions of section 311.11 not pertinent here, the basic language of section 311.11 was not changed. Thus the changes made to section 311.11 do not provide us with any discernable reason why we should depart from our conclusion that the statute is not clear and does not unambiguously describe the unit of possession in singular terms. Thus, defendant is entitled to the benefit of the ambiguity in section 311.11.

■ We are not convinced by the arguments made by the People that we must depart from a long line of cases that have found that a single crime of possession cannot be fragmented into more than one offense. We reject the People's argument that "one container = one charge" and hold that one possession equals one charge.

It is within the Legislature's prerogative, if it so decides, to amend section 311.11 to describe the unit of possession in singular terms, as it did for certain possession of weapons crimes following the decision in *People v. Kirk, supra*, 211 Cal.App.3d 58, or it may see fit to create varying grades of the offense based on the quantity of pornography possessed at one time.

## Disposition

The order of the trial court sustaining the demurrer without leave to amend as to all but one of the child pornography charges against defendant is affirmed.

Cornell, J., and Gomes, J., concurred.