Filed 6/19/13  P. v. Martinez CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

**(Yolo)**

----

| | |
|---|---|
| THE PEOPLE, | C071584 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF11-5353) |
| v. | |
| MICHAEL SHANE MARTINEZ, | |
| Defendant and Appellant. | |

Convicted by a jury of committing dozens of counts of sex crimes against a child under 10 years old, and sentenced to a determinate prison term of 10 years eight months consecutive to an indeterminate prison term of 335 years to life, defendant Michael Shane Martinez appeals his determinate term convictions on five counts of possessing child pornography.

Defendant contends his simultaneous possession of multiple pornographic images violate a single code section—Penal Code section 311.11, subdivision (a) (hereafter section 311.11(a))—and constitutes only one offense.  (See *People v. Hertzig* (2007)

1

156 Cal.App.4th 398, 403 (*Hertzig*).) The People agree that under the circumstances of this case, defendant can be convicted of only one count of possessing child pornography, and that his determinate sentence should be reduced accordingly. We also agree, and shall order four of defendant's five convictions of possessing child pornography stricken, and remand the matter for resentencing.

## BACKGROUND

The details of defendant's sex crimes are not material to the issues on appeal. It is sufficient to state that, when a search warrant was executed on defendant's home after the victim reported defendant's conduct, defendant's cell phone was seized and several video and still images of sex acts involving the victim were found on defendant's cell phone.

In addition to the sex crime charges ultimately alleged in this case, defendant was charged in counts 14, 15, 16, 32 and 54 with possessing child pornography in violation of section 311.11(a).[1] Following trial, the jury found defendant guilty on all five possession counts.

At sentencing, the trial court selected another count for which a determinate sentence was imposed as the principal term. For each child pornography possession count, it imposed a prison term of one-third the statutory middle term, i.e., eight months. On counts 14, 15, 32 and 54, the court ordered the eight-month sentence to be

---

[1] Section 311.11(a) provides in relevant part: "Every person who knowingly possesses or controls any matter, representation of information, data, or image, including, but not limited to, any film, filmstrip, photograph, negative, slide, photocopy, videotape, video laser disc, computer hardware, computer software, computer floppy disc, data storage media, CD-ROM, or computer-generated equipment or any other computer-generated image that contains or incorporates in any manner, any film or filmstrip, the production of which involves the use of a person under the age of 18 years, knowing that the matter depicts a person under the age of 18 years personally engaging in or simulating sexual conduct, as defined in subdivision (d) of [Penal Code] Section 311.4, is guilty of a felony . . . ."

2

consecutive to all other terms; on count 16, it ordered the upper term of three years to run concurrent with the principal determinant term. The court also imposed an aggregate indeterminate prison term of 335 years to life.

## DISCUSSION

Two appellate courts have addressed the question of whether simultaneous possession of multiple items of child pornography constitutes multiple offenses or a single offense: *Hertzig*, *supra*, 156 Cal.App.4th 398 and *People v. Manfredi* (2008) 169 Cal.App.4th 622 (*Manfredi*).

In *Hertzig*, the defendant had multiple videos of children engaged in sexual acts on his computer. (*Hertzig*, *supra*, 156 Cal.App.4th at p. 400.) The prosecution charged the defendant with, and a jury convicted him of, 10 counts of possession of child pornography. (*Id*. at pp. 400-401.) On appeal, the defendant argued his possession of multiple child pornography videos constituted a single violation of section 311.11(a). (*Hertzig*, at p. 401.) This court agreed. We reviewed cases involving multiple convictions for other types of possession crimes and derived two distinct principles from them. (*Id*. at p. 402.) First, the simultaneous possession of multiple items of one type of contraband constitutes a single violation. (*Id*. at pp. 402-403.) Second, the simultaneous possession of two types of contraband in the same location constitutes a single violation. (*Id*. at p. 403.) Applying these principles, we concluded the defendant's possession of multiple pornographic videos on his laptop computer constituted a single act of possession under section 311.11(a). (*Hertzig*, at p. 403.)

In *Manfredi*, *supra*, 169 Cal.App.4th 622, the defendant was also charged with multiple counts of possession of child pornography in violation of section 311.11(a), based on his simultaneous possession in his home of multiple images of child pornography found on different media (specifically, on "multiple computers, multiple hard drives, multiple discs, and multiple tapes" (*Manfredi*, at p. 625), rather than on one

computer as in *Hertzig* (*Manfredi*, at pp. 624-625). The Court of Appeal, Fifth Appellate District, affirmed the trial court's dismissal following the sustaining of a demurrer to all but one of the section 311.11(a) possession of child pornography counts, holding the defendant's "simultaneous possession of multiple child pornography materials at the same location is chargeable as but one criminal offense under [section 311.11(a)]." (*Manfredi*, *supra*, 169 Cal.App.4th at p. 624.)

The parties agree that *Hertzig* and *Manfredi* apply here and permit defendant to be convicted of only a single count of possessing child pornography, as the video clips and still photographs were all recovered from defendant's cell phone when he was arrested. We also agree. Under these circumstances, the proper remedy is a remand for resentencing. (*Hertzig*, *supra*, 156 Cal.App.4th at p. 403.)

### DISPOSITION

Four of the five counts for possessing child pornography in violation of section 311.11(a) are reversed and dismissed, and the case is remanded to the trial court for resentencing. In all other respects, the judgment is affirmed.


                                                    BUTZ            , J.


We concur:


        RAYE        , P. J.


        HULL        , J.

4