Filed 11/30/21  P. v. West CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY E. WEST,<br><br>    Defendant and Appellant. | B307078<br><br>(Los Angeles County<br>Super. Ct. No. 0PH01927) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert M. Kawahara, Commissioner.  Reversed and remanded.

Heather E. Shallenberger, under appointment by Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Blythe J. Leszkay and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

Defendant and appellant Anthony West appeals from the order following his contested parole revocation hearing. He argues the trial court erred when it overruled his demurrer to the petition for revocation because it did not, as required by law, provide an adequate discussion of why intermediate sanctions short of parole revocation would not be appropriate. We agree and reverse.

### *FACTUAL AND PROCEDURAL BACKGROUND*

On August 2, 1995, defendant was convicted of first-degree murder and sentenced to a life term without the possibility of parole. On October 3, 2018, defendant was released on a life-term parole.[1] Under his conditions of parole, defendant was prohibited from engaging in unlawful conduct, including having an alcoholic beverage in his car. Defendant's parole conditions also warned him that any parole violations would "subject him to arrest and/or incarceration in a county jail or returned to state prison."

On March 6, 2020, while riding in his car with his sister and adult niece, Adrianna Penn, defendant noticed Penn had brought an alcoholic beverage into his car. Defendant told Penn that his parole prohibited him from having alcohol in his car, stopped at a nearby restaurant, and gave Penn and his sister 20 minutes to dispose of the alcohol. Later, defendant smelled alcohol again and noticed Penn still had the drink. While stopped at a parking lot, defendant pleaded with Penn to remove the alcohol from his car, then placed his hands behind her ears just below the angle of her jaw, and moved his hands and body in a pulling, tugging motion. During this motion, defendant

---

[1] The record does not explain how or why the California Department of Corrections and Rehabilitation released defendant on parole.

grabbed Penn's braids for approximately 10 seconds until his sister told him to stop. Penn screamed, began crying, and exclaimed that defendant had pulled her hair out. Penn then exited the car. Defendant had indeed removed a braid from Penn's head.

On March 17, 2020, the Division of Adult Parole Operations (Parole Operations Division), which is part of the Department of Corrections and Rehabilitation, filed a petition for revocation. The petition alleged that defendant had violated his parole conditions by committing battery.[2]

We describe first the process that led to the filing of a petition to revoke defendant's parole. When a parole violation occurs, the Parole Operations Division "may impose additional and appropriate conditions of supervision, including rehabilitation and treatment services and appropriate incentives for compliance, and impose immediate, structured, and intermediate sanctions." (Pen. Code, § 3000.08 subd. (d); *People v. Osorio* (2015) 235 Cal.App.4th 1408, 1413 (*Osorio*) disapproved on another ground in *People v. DeLeon* (2017) 3 Cal.5th 640.) If the Parole Operations Division determines, "following application of its assessment processes, that intermediate sanctions . . . are not appropriate, the [Parole Operations Division] shall . . . petition . . . to revoke parole.'" (*People v. Perlas* (2020) 47 Cal.App.5th 826, 832-833 (*Perlas*).) The parole revocation petition "must include a written report detailing the terms and conditions of parole and how they were violated, the parolee's background, and the parole agency's recommendation to

---

[2] The petition was subsequently amended to allege defendant attempted to dissuade a witness after his physical altercation with Penn by offering his sister $300 to not press charges. The court ultimately found the evidence was insufficient to sustain that allegation.

the court." (*Perlas*, at p. 833; § 3000.08 subd. (f); *Williams v. Superior Court* (2014) 230 Cal.App.4th 636, 652.)  California Rules of Court, rule 4.541 requires the supervising agency to include in the report "the reasons for that agency's determination that intermediate sanctions without court intervention . . . are inappropriate responses to the alleged [parole] violations."  (Cal. Rules of Court, rule 4.541(e); *Perlas*, at p. 833.)  The specific reasons need "to be 'individualized to the particular parolee, as opposed to a generic statement.' " (*Perlas,* p. 833; *Williams,* at p. 655.)

A parole agent enters all violations into the parole violation decision making instrument (PVDMI), which " 'assesses the parolee's risk level using the [California Static Risk Assessment (CRSA)] and the severity of the violation . . . to determine the appropriate response level.' " (*Osorio*, *supra*, 235 Cal.App.4th at p. 1414.)  Parole agents "may recommend overriding the [PVDMI] based on stabilizing or destabilizing factors, including the lack of an appropriate program alternative in the community." (*Ibid*.)

According to the evaluation attached to the revocation petition, defendant's CRSA score was "LOW."  The PVDMI-recommended response level was "LEAST TO MOST INTENSIVE:  CONTINUE ON PAROLE WITH REMEDIAL SANCTIONS."  The parole agent and her supervisor did not follow the recommendation.  Their recommended response was "PETITION FOR REVOCATION DUE TO PAROLEE'S FAILURE TO COMPLY WITH HIS OR HER CONDITIONS OF PAROLE OR INVOLVEMENT IN CRIMINAL BEHAVIOR," and "RETURN TO CUSTODY FOR 0 DAYS."

The parole agent's evaluation stated:  "Intermediate sanctions have been considered.  However, they have been deemed not appropriate at this time.  Remedial sanctions were

considered, such as placement at the Fred Brown Residential Drug Treatment Facility.  However, [remedial sanctions were also] deemed inappropriate due to West's supervision level as a Life Parole participant, previous convictions supported by his criminal history record and serious nature of the current charge, Battery."  The evaluation also described defendant's positive progress while on parole preceding the incident.[3]  But the evaluation then explained:  "It appears West's involvement in the current matter suggests the prior prison period (twenty-five years) has been unsuccessful in deterring ongoing criminal conduct.  As documented above, West's involvement in the current matter is serious in nature, in that the victim could have been seriously injured or worse, if not for the involvement of a third party.  Based on the above, it appears West has once again elected to involve himself in unlawful activities, therefore, subjecting the community to serious public safety concerns.  Subsequently, a recommendation for referral to the Los Angeles County Superior Central Arraignment Court per [Penal Code section 3000.08] is submitted."

On April 6, 2020, defendant demurred to the petition, arguing that the petition was insufficient on its face as it did not set forth sufficient reasons to override the PVDMI recommendation of remedial sanctions per the California Rules of Court, rule 4.541.

---

[3]      The evaluation stated defendant had addressed "his mental health requirements and housing needs by participating in the Telecare Program," completed the required one-year transitional housing program, and "continues to participate in the Peer Reentry Navigation Network Meetings."

Following a hearing on April 9, 2020, the court overruled the demurrer.[4]

On August 5, 2020, the trial court found true by a preponderance of the evidence the allegation that defendant committed battery, but expressed it did not believe defendant should be returned to state prison. The court revoked parole and remanded defendant to the custody of the California Department of Corrections and Rehabilitation.[5]

On August 10, 2020, defendant filed a timely notice of appeal from the order of revocation.

## DISCUSSION

### 1. The Standard of Review

On appeal, defendant argues the court erred in overruling his demurrer to the petition for revocation because it failed to demonstrate the Parole Operations Division had adequately considered intermediate sanctions before petitioning to revoke his probation, as required by Penal Code section 3000.08.

---

[4] There is no Reporter's Transcript and no court reporter present. Defendant made no effort to obtain a settled statement on appeal. (Cal. Rules of Court, rule 8.346(a).)

[5] Defendant did not ask the court to impose a lesser sanction than the return of defendant to California Department of Corrections and Rehabilitation custody, nor did the court have that power. Defendant was a life-term parolee. By statute, if the court finds a person who has been sentenced to a life-term for first-degree murder has "committed a violation of law or violated his or her conditions of parole, the person on parole shall be remanded to the custody of the Department of Corrections and Rehabilitation and the jurisdiction of the Board of Parole Hearings for the purpose of future parole consideration." (Pen. Code, §§ 3000.08 subd. (h); 3000.1.) A lesser, court-ordered sanction is not authorized.

A "demurrer raises an issue of law as to the sufficiency of the accusatory pleading, and it tests only those defects appearing on the face of that pleading." (*People v. Manfredi* (2008) 169 Cal.App.4th 622, 635.)  On appeal, we review the order overruling a defendant's demurrer de novo.  (*Osorio, supra,* 235 Cal.App.4th at p. 1412.)  "We exercise our independent judgment as to whether, as a matter of law, the petition alleged sufficient facts to justify revocation of [a] defendant's parole." (*Id.* at p. 1412; *Perlas, supra,* 47 Cal.App.5th at p. 832.)  Here the pleaded facts in question are not those involving the underlying battery but the adequacy of the Parole Operations Division's report and recommendation.[6]

## 2.     *The Parole Operations Division's Discussion of Why Intermediate Sanctions Would Not Suffice Is Inadequate*

"Once a parole violation occurs, the supervising parole agency—here, the Department—may do one of two things.  The Department may impose additional conditions of supervision and 'intermediate sanctions.' (Pen. Code, § 3000.08, subd. (d).) However, if the Department 'has determined, following application of its assessment processes, that intermediate sanctions . . . are not appropriate, the supervising parole agency shall . . . petition . . . the court in the county in which the parolee is being supervised . . . to revoke parole.' (*Id.*, § 3000.08, subd. (f).)  The petition must include a written report detailing the terms and conditions of parole and how they were violated, the parolee's background, and the Department's recommendation to the court.  (*Ibid.*)  The court may then return the parolee to

---

[6]     Defendant does not argue that there was insufficient evidence that he violated his parole as the underlying battery was essentially uncontested.

7

parole supervision, revoke parole, or refer the parolee to a reentry court. (*Ibid.*)

"California Rules of Court, rule 4.541 describes the minimum requirements for the written report included with a petition to revoke probation. (Cal. Rules of Court, rule 4.541(c).) The rule also requires the Department to include in the report 'the reasons for that agency's determination that intermediate sanctions without court intervention . . . are inappropriate responses to the alleged [parole] violations.' (*Id.*, rule 4.541(e).)" (*Osorio, supra,* 235 Cal.App.4th at pp. 1412-1413.)

The discussion of why intermediate sanctions were deemed inappropriate that accompanied the revocation petition in this case was inadequate. The parole agent's evaluation did a serviceable job of summarizing defendant's history and background, including his prior compliance with the terms of his parole. But on the key question of why something short of parole revocation and return to custody was not appropriate, the evaluation at bottom relied on two things: the nature of defendant's offense that resulted in his life-term commitment (before commutation) and the more recent battery that defendant committed.

This focus on the two offenses—particularly when used to overrule the PVDMI assessment that instead accounts for a multiplicity of factors—can render a revocation decision vulnerable to the charge that the Parole Operations Division did not provide what the law requires: an explanation of its decision that reflects individualized consideration of a particular defendant. (*People v. Williams* (Nov. 23, 2021, A159914) ___ Cal.App.5th ___ [2021 WL 5460724] ["The explanation of why intermediate sanctions are inappropriate must 'be "individualized to the particular parolee, as opposed to a generic statement" ' "]

8

(*Williams*); cf. *Perlas, supra,* 47 Cal.App.5th at p. 834 [holding a parole violation report's discussion of intermediate sanctions adequate when the recommendation to revoke parole was consistent with, not contrary to, PVDMI analysis].)

The Parole Operations Division's discussion of intermediate sanctions as to defendant here is not only vulnerable to this charge but inadequate because of it. The evaluation accompanying the revocation petition includes no discussion of the undisputed factor – rarely seen in parole proceedings – that defendant was intent on *complying* with the conditions of his parole and became embroiled in a physical confrontation only after his pleas to have others respect the conditions of his parole went ignored. Indeed, not only does the evaluation make no mention of this, it includes at least one statement that appears inconsistent with defendant's undisputed motive to comply with his parole conditions (the evaluation's statement that "[i]t appears [defendant's] involvement in the current matter suggests the prior prison period (twenty-five years) has been unsuccessful in deterring ongoing criminal conduct.") Particularly when viewed in light of the PVDMI analysis that recommended a lesser sanction, the explanation here for why intermediate sanctions would not be appropriate was insufficiently individualized and the demurrer should have been sustained on that basis. (*Williams*, *supra*, ___ Cal.App.5th ___ [2021 WL 5460724]; see also § 3000.08, subd. (f) [written report accompanying revocation petitions must discuss, among other things, "the circumstances of the alleged underlying violation"]; Cal. Rules of Court, rule 4.541(c)(2) [written report must describe "the circumstances of

9

the alleged violations, including a summary of any statement made by the supervised person . . . ."].)[7]

We shall remand, however, to give the trial court the opportunity to decide whether the Parole Operations Division should be granted leave to amend so as to cure the deficiencies in its discussion of intermediate sanctions—assuming, of course, the division determines to pursue revocation of parole for an incident that developed out of defendant's apparent desire to avoid violating the conditions of his parole. (See *Perlas, supra,* 47 Cal.App.5th at p. 835.)

### *DISPOSITION*

The order revoking parole and remanding defendant to the custody of the Department of Corrections and Rehabilitation is reversed. The cause is remanded for further proceedings consistent with this opinion.

RUBIN, P. J.

WE CONCUR:

BAKER, J.                                   KIM, J.

---

[7] Defendant argues that his conduct was "inappropriate," that he did not intend to remove the braid, and "the situation leading to the battery is unlikely to reoccur." To the extent defendant is claiming that he should be excused for a "minor" battery and parole ought not be revoked, that issue is not before us.