[No. C027725. Third Dist. Sept. 22, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
DARRELL ANDRE ROWLAND, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and II.

**COUNSEL**

Darrell Andre Rowland, in pro. per.; and Thomas A. Neil, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, W. Scott Thorpe and Troy L. Nunley, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HULL, J.**—A jury found defendant guilty of three counts of unlawful possession of a weapon while in state prison. (Pen. Code, § 4502, subd. (a); further section references are to the Penal Code unless designated otherwise.) The trial court imposed the middle term of three years on one of the counts, plus a consecutive one-third the middle term, or one year, on each of the other two counts for a total of five years in state prison. The trial court ordered defendant to serve the five-year term consecutive to the term he was

serving at the time of the current offense. The court also ordered defendant to pay a restitution fine of $1,000, pursuant to section 1202.4, and a separate $1,000 restitution fine, pursuant to section 1202.45, which was suspended pending the successful completion of parole.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071], requesting the court to review the record and to determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief raising the following issues: (1) his trial counsel rendered ineffective assistance of counsel which deprived him of the right to present an affirmative defense at his preliminary hearing; and (2) the trial court erred by denying his motion to dismiss the prosecution, which motion was made on his claim that the state violated his statutory right to a speedy trial.

Our own review of the record reveals defendant was erroneously convicted of two of three separate counts charging possession of a weapon while in state prison, each count in violation of section 4502, subdivision (a). We therefore reverse defendant's convictions on counts two and three of the information and remand the matter to the trial court for resentencing.

## Facts

The facts underlying defendant's unlawful possession of weapons may be recounted briefly. Defendant was an inmate at Folsom State Prison. At trial, Roman Solorzano, a correctional officer, testified that in November of 1996 he made a random search of defendant's laundry bag. Inside the bag, Solorzano found an envelope containing another envelope holding three 8-inch-long wood shafts with sharpened ends. The bag also held prison identification documents belonging to defendant, his work card and weight lifting card. When asked by the correctional officer what the shafts looked like, defendant replied, "They are what they are." Solorzano said defendant did not appear to be surprised at the presence of the shafts in his bag.

Defendant testified saying he had left his bag on some bleachers when he went to lift weights. To his knowledge, the bag contained no weapons when he left it. He denied any knowledge of the envelope containing the shafts. He denied saying to Solarzano the words, "They are what they are."

## DISCUSSION

### I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III

### *Defendant Is Subject Only to a Single Conviction for Possession of More Than One Unlawful Weapon of the Same Kind at the Same Time and Place in Prison*

 As noted earlier, our review of the record reveals reversible error. We initially questioned whether section 654 bars multiple punishment for defendant's conviction on two of the three counts of possessing a weapon while in prison in light of the fact he was found to be in simultaneous possession of all three weapons. We requested supplemental briefing from the parties.

The Attorney General filed his supplemental brief, conceding error on the section 654 issue well before we received defendant's brief. Our review of the authorities set forth in the Attorney General's brief revealed a more fundamental problem. The issue here is not whether defendant could be sentenced separately for each of the three counts, but instead whether he properly can be convicted of three separate counts in the first place.

In his supplemental brief, defendant now argues he could not properly be convicted of more than one count of section 4502, subdivision (a), where he possessed three weapons of the same type at the same time. He cites *People v. Kirk* (1989) 211 Cal.App.3d 58 [259 Cal.Rptr. 44]. The Attorney General essentially concedes this issue.[2]

We accept the concession. In *Kirk*, the defendant possessed, at the same time and place, two sawed-off weapons in violation of former section 12020, subdivision (a). (211 Cal.App.3d at p. 59.) The statute provided that, "Any person . . . who . . . possesses . . . *any* instrument or weapon of the kind

---

*See footnote, *ante*, page 61.

[2]The Attorney General cites *People* v. *Kirk* for the proposition that section 654 bars multiple punishment for defendant's simultaneous possession of three weapons. *Kirk* held that a defendant could not be convicted of multiple weapons violations under former section 12020, subdivision (a), as discussed, *post*; *Kirk* did not reach the contention that section 654 barred punishment for more than one violation. (211 Cal.App.3d at p 65.) In relying on *Kirk*, the Attorney General is deemed to agree with its holding and therefore with the argument defendant advances.

commonly known as a . . . sawed-off shotgun . . . is guilty of a felony." (Stats. 1984, ch. 1414, § 3, pp. 4972-4973, italics added.) The court ruled that the use of the word "any" in conjunction with the words "instrument" and "weapon" rather than the word "a" created an ambiguity in the statute so that the statute failed to provide a warning that separate convictions would result for each weapon simultaneously possessed. (211 Cal.App.3d at p. 65.) Because a defendant is entitled to the benefit of statutory ambiguities, the court held defendant could not be convicted of more than one count. (*Ibid.*)

In this case, section 4502, subdivision (a), provides that, "Every person who, while at or confined in any penal institution . . . possesses . . . *any* dirk or dagger or sharp instrument . . . is guilty of a felony . . . ." (Italics added.) The use of the word "any" in this statute, as in the statute at issue in *Kirk*, persuades us defendant is subject to only one conviction for his simultaneous possession of three sharp wooden sticks in prison. (See also *People* v. *Rouser* (1997) 59 Cal.App.4th 1065, 1067-1074 [69 Cal.Rptr.2d 563] [statute which proscribed possession in any state prison of "any" of a defined list of controlled substances can result in only one conviction for possession of more than one of those substances].)

We find further support for this interpretation of the statute in legislative action, or inaction as the case may be, taken subsequent to the publication of *Kirk*. In 1994, specifically in response to *Kirk*, the Legislature amended section 12001 by adding new subdivisions (k) and (*l*). (Stats. 1994, First Ex. Sess. 1993-1994, ch. 32, § 1.) The new sections provided as follows: [¶] "(k) For purposes of Sections 12021, 12021.1, 12025, 12070, 12072, 12073, 12078, and 12101 of this code, and Sections 8100, 8101, and 8103 of the Welfare and Institutions Code, notwithstanding the fact that the term 'any firearm' may be used in those sections, each firearm or the frame or receiver of the same shall constitute a distinct and separate offense under those sections. [¶] (*l*) For purposes of Section 12020, a violation of that section as to each firearm, weapon, or device enumerated therein shall constitute a distinct and separate offense."

These new subdivisions were added with the express intent of overruling the holding in *People* v. *Kirk* "insofar as that decision held that the use of the term 'any' in a weapons statute means that multiple weapons possessed at the same time constitutes the same violation." (Stats. 1994, First Ex. Sess. 1993-1994, ch. 32, § 5.) Conspicuously absent from the new subdivisions (k) and (*l*) is any mention of section 4502, subdivision (a), the statute at issue here.

Application of the rule of statutory construction, *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of another[3]), suggests that, with the addition of new subdivisions (k) and (*l*), the Legislature intended to permit application of the *Kirk* holding to any statute not specifically listed in the new subdivisions. (See *People* v. *Anzalone* (1999) 19 Cal.4th 1074, 1078-1082 [81 Cal.Rptr.2d 315, 969 P.2d 160] [because section 2962, subdivision (e)(2)(D), in the Mentally Disordered Offender Act specifically includes, as a crime requiring application of the act, robbery with the use of a deadly or dangerous weapon, the court is precluded from interpreting the statute to include robbery committed without the use of such weapons].)

█ This maxim of statutory construction is not immutable and is inapplicable if its operation would contradict a discernible and contrary legislative intent. (See *California Fed. Savings & Loan Assn.* v. *City of Los Angeles* (1995) 11 Cal.4th 342, 350-351 [45 Cal.Rptr.2d 279, 902 P.2d 297]; *Wildlife Alive* v. *Chickering* (1976) 18 Cal.3d 190, 195 [132 Cal.Rptr. 377, 553 P.2d 537].) We have discovered no such intent.

█ We realize, the Legislature announced that its express intent in adding subdivisions (k) and (*l*) to section 12001 was to overrule the holding of *Kirk* to the effect that the use of the term "any" in a weapons statute means that multiple weapons possessed at the same time could constitute but one violation, and it added, "It is the further intent of the Legislature in enacting this act that where multiple weapons are made, imported, transferred, received, or possessed, each weapon shall constitute a separate and distinct violation." (Stats. 1994, First Ex. Sess. 1993-1994, ch. 32, § 5.)

In examining this language, we first note the amendment to section 12001 specifies this statutory interpretation of the word "any" not only for weapons offenses set forth in chapter 1 of part 4 of title 2 of the Penal Code, but also for certain other weapons enactments found in other provisions of the California codes, specifically sections 8100, 8101, and 8103 of the Welfare and Institutions Code, indicating to us the Legislature gave thought to the exact statutes to which the rule would apply.

We do not read the further expression of Legislative intent as making the list of statutes included in new subdivisions (k) and (*l*) open-ended to include even omitted weapons statutes such as section 4502, subdivision (a). Instead, we view this language as broadening the legislative overruling of the *Kirk* rule to include, not just the *possession* of illegal weapons at issue in *Kirk*, but also the manufacture, importation, sale, lease, receipt, *or* possession that is proscribed in the statutes specifically listed in subdivisions (k) and (*l*).

---

[3]Black's Law Dictionary (6th ed. 1990) page 581, column 1.

It would nullify the applicable rule of statutory construction to read into this legislative pronouncement an intent to extend the statutory definition of the word "any" set forth in subdivisions (k) and (*l*) to all weapons statutes wherever found, even though only certain statutes were specified in those subdivisions. To hold otherwise would be to speculate the Legislature committed an oversight and then, by judicial opinion, to correct that oversight. Were we to indulge in the presumption the Legislature merely overlooked section 4502 at the time it listed the code provisions expressly set forth in subdivisions (k) and (*l*) of section 12001, we would be superimposing on the statute our notion of what the Legislature actually intended when, by the statute's specific written provisions, it did not. We cannot appropriately do any of that. Moreover, were we to adopt that sinuous interpretation of section 4502, we might still be left with a statute that suffered from the same deficiency *Kirk* identified in section 12020, subdivision (a), before the interpretation of the word "any," as used in that statute, was mandated by the Legislature. If the Legislature intends the word "any" as used in section 4502 to have the same meaning as it does in section 12020, subdivision (a), it needs to say so.

Therefore, we conclude defendant was improperly convicted of two of three counts of section 4502, subdivision (a). We shall remand for resentencing.[4]

### DISPOSITION

The conviction on count one is affirmed and the convictions on counts two and three are reversed. The case is remanded for resentencing. Following resentencing, the trial court shall correct the abstract of judgment and forward a certified copy to the Department of Corrections.

Blease, Acting P. J., and Raye, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 13, 2000.

---

[4]At sentencing, the trial court said it agreed with the evaluation of the probation department. The probation report noted three circumstances in aggravation under California Rules of Court, rule 421 and no circumstances in mitigation under rule 423. This situation would permit the imposition of the upper term for a violation of section 4502, subdivision (a), which carries a sentencing triad of two, three, or four years in state prison. Because the record contains no definitive indication of what sentence the court would have imposed if it had known defendant could be convicted of only one count, we are obliged to remand so the trial court may exercise its discretion.