WERDEGAR, J., Concurring.
In February 2006, police found defendant, a felon, in simultaneous possession of seven firearms. At that time, as now, it was illegal for a felon to possess a firearm. (Pen. Code,[1] former § 12021, subd. (a)(1), now see § 29800, subd. (a)(1), added by Stats. 2010, ch. 711, § 6.) Defendant was convicted of seven separate counts of violating former section 12021, one conviction for each prohibited weapon. That he could be convicted of seven separate crimes on these facts is clear from the statutory scheme. (Former § 12001, subd. (k), now see § 23510.) Whether he could be separately punished for each conviction is the question before us.
As I explain, I agree with the majority that defendant may be separately punished for seven separate crimes. Like the majority, I reach that conclusion because the Legislature specifically amended the Penal Code to provide that *347 each weapon could be the basis of a separate conviction, and it could have had no reason or purpose to make that change had it not intended that defendant could also be punished for each of those separate convictions. (Maj. opn., ante, at pp. 345-346.) Because there is no need to proceed further and disapprove dictum in Neal v. State of California (1960) 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839], which found section 654 applicable to preclude multiple punishment for multiple violations of the same statute, I do not join that part of the majority opinion.
Former section 12021 includes no express language referencing section 654, nor does it provide that it applies “notwithstanding any other provision of law” or contain some equivalent language to suggest an exception to section 654’s prohibition on multiple punishment. But a legislative reaction to an appellate decision involving a different but related weapons law suggests the Legislature intended that felons be separately punished for each weapon they illicitly possess.
In People v. Kirk (1989) 211 Cal.App.3d 58 [259 Cal.Rptr. 44], the defendant was convicted of possessing a sawed-off shotgun and a sawed-off rifle in violation of former section 12020, subdivision (a).[2] The facts indicated his possession of the two weapons was simultaneous: police entered the defendant’s home in response to a report of a fight involving gunshots “and found a sawed-off shotgun on the living room couch and a sawed-off rifle in a closet in the bedroom.” (Kirk, at p. 60.) The Kirk court explained that “[t]he principal question is whether defendant can be convicted of two violations of former section 12020 where he possessed two sawed-off shotguns at the same time and place.” (Id. at p. 61.) Finding it irrelevant that the weapons were of different types and observing that no evidence showed they were possessed at different places or different times (ibid.), the Kirk court focused on the word “any” in the statute to conclude the defendant was “entitled to the benefit of the statutory ambiguity”[3] (Kirk, at p. 65), that the possession of two illegal firearms constituted but one punishable act, and that section 654 barred *348 punishing the defendant more than once for the simultaneous possession of two firearms (Kirk, at p. 65).
In response to People v. Kirk, supra, 211 Cal.App.3d 58, the Legislature amended former section 12001 to clarify that each illegal firearm was the basis of a separate crime. “In 1994, specifically in response to Kirk, the Legislature amended section 12001 by adding new subdivision!] (k) . . . . (Stats. 1994, First Ex. Sess. 1993-1994, ch. 32, § 1.) The new section!] provided as follows: [f] ‘(k) For purposes of Section!] 12021 . . . , of this code, . . . notwithstanding the fact that the term “any firearm” may be used in [that] section!], each firearm . . . shall constitute a distinct and separate offense under [that] section[]. . . .’ [][] [This new subdivision was] added with the express intent of overruling the holding in People v. Kirk ‘insofar as that decision held that the use of the term “any” in a weapons statute means that multiple weapons possessed at the same time constitutes the same violation.’ (Stats. 1994, First Ex. Sess. 1993-1994, ch. 32, § 5.)” (People v. Rowland (1999) 75 Cal.App.4th 61; 65 [88 Cal.Rptr.2d 900]; see People v. DeGuzman (2003) 113 Cal.App.4th 538, 544 [6 Cal.Rptr.3d 739] [quoting Rowland].)
At the time defendant was arrested in 2006, former section 12021, subdivision (a)(1) provided: “Any person who has been convicted of a felony . . . who owns, purchases, receives, or has in his or her possession or under his or her custody or control any firearm is guilty of a felony.” (Stats. 2004, ch. 593, § 6, p. 4665; § 29800, subd. (a)(1) now provides the same thing.) Also at that time, former section 12001, subdivision (k), as amended in response to People v. Kirk, supra, 211 Cal.App.3d 58, provided that “For purposes of Section!] 12021 . . . each firearm . . . shall constitute a distinct and separate offense ...” (Stats. 2005, ch. 715, § 4, pp. 5732, 5733.) Clearly the statutory scheme authorized the jury to convict defendant of seven separate counts of weapon possession, one for each firearm. But does it also compel an inference that the Legislature intended an implied exception to section 654 to permit multiple punishment as well?
I agree with the majority that it does. By adding subdivision (k) to former section 12001 specifically to overrule People v. Kirk, supra, 211 Cal.App.3d 58, the Legislature not only made clear that multiple convictions were permissible, it also necessarily implied that multiple sentences were also authorized. This is so because no plausible reason exists to allow for multiple convictions if the offender’s aggregate sentence were to remain the same. “[W]e cannot assume our Legislature engaged in an idle act or enacted a *349 superfluous statutory provision.” (California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist. (1997) 14 Cal.4th 627, 635 [59 Cal.Rptr.2d 671, 927 P.2d 1175].)
Inferring an exception to section 654 from the addition of subdivision (k) to former section 12001 suffices to resolve the case before us. It is thus unnecessary to address the continued vitality of the Neal dictum, which found section 654 applicable to violations of the same statute. (Neal v. State of California, supra, 55 Cal.2d at p. 18, fh. 1.) Although I do not join the majority’s discussion concerning Neal, I concur in the balance of the majority opinion finding section 654 inapplicable here.

 All further statutory references are to the Penal Code unless otherwise stated.

 At the time the defendant in Kirk committed his crime, former section 12020, subdivision (a) made it a felony for “[a]ny person in this state” to possess “any short-barreled shotgun” or “any short-barreled rifle.” (Stats. 1984, ch. 1562, § 1.1, p. 5499.) A substantially identical law now appears as section 33215. (Stats. 2010, ch. 711, § 6.)

 “We have no doubt the Legislature could, if it wanted to, make criminal and subject to separate punishment the possession of each and every sawed-off shotgun found at the same time and place. [Citation.] The question is whether it did so by outlawing the possession of ‘any instrument or weapon of the kind commonly known as a . . . sawed-off shotgun ...[.]’ (Former § 12020, subd. (a), [second] italics added.)” (People v. Kirk, supra, 211 Cal.App.3d at p. 62, first italics added.) After reviewing analogous federal law, the Kirk court concluded that “former section 12020, subdivision (a) is facially ambiguous. As noted, the statute is directed at ‘Any person . . . who . . . possesses . . . any instrument or weapon . . . .’ (Italics added.) By its use of the term ‘any’ rather than ‘a,’ the statute does not necessarily define the unit of *348 possession in singular terms” (Kirk, at p. 65), and that “[i]n the circumstances, defendant is entitled to the benefit of the statutory ambiguity” (ibid.).