Filed 9/15/20  P. v. Stringer CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JERRY NICKENS STRINGER, JR.,<br><br>    Defendant and Appellant. | H045540<br>(Monterey County<br> Super. Ct. No. SS151402) |

Defendant Jerry Nickens Stringer, Jr., drove two 17-year-old girls from Sacramento to Monterey County where they engaged in prostitution.  He also took sexually explicit photographs of the girls and posted the photos on a website to advertise their prostitution services.  A jury convicted defendant of, among other things, trafficking the minors for a sex act; possessing child pornography; and producing child pornography for a commercial purpose.  Defendant argues that Penal Code section 654 precludes punishment for both possession and production of child pornography because the convictions arose from an indivisible course of conduct.  We conclude that defendant's Penal Code section 654 argument is without merit.  We agree with the parties, however, that the judgment must be reversed and the matter remanded for the limited purpose of dismissing one of two child pornography possession counts and resentencing defendant on the remaining counts.

# I.   TRIAL COURT PROCEEDINGS

The operative information charged defendant with two counts of trafficking a minor for a sex act (Pen. Code, § 236.1, subd. (c)(1); counts 1 and 2; unspecified references are to this Code); two counts of pandering a minor over age 16 (§ 266i, subd. (b)(1); counts 3 and 4); two counts of possessing child pornography (§ 311.11, subd. (a); counts 5 and 6); one count of producing child pornography for a commercial purpose (§ 311.4, subd. (b); count 7); two counts of sexually exploiting a minor (§ 311.3, subd. (a); misdemeanors; counts 8 and 9); and unlawful sexual intercourse (§ 261.5, subd. (c); count 10).  The information also alleged defendant had one prior strike conviction (§ 1170.12, subd. (b)–(i)).

## A.  JURY TRIAL TESTIMONY

The two victims were referred to as Jane Doe No. 1 and Jane Doe No. 2 at trial. Both were 17 years old at the time of the events in June 2015.  They were best friends and were living at Jane Doe No. 1's father's house in Sacramento.  Jane Doe No. 1 testified that they wanted to travel to Monterey for a few days to visit Jane Doe No. 2's family.  Jane Doe No. 2 asked a different friend to arrange a ride for them.  Neither victim had ever met defendant before he picked them up in Sacramento.  There were two other passengers (an adult male and a juvenile female), but they are not relevant to the issues defendant raises on appeal.

Defendant drove the girls to Monterey County, stopping after midnight at a gas station in Salinas.  He asked them how old they were, and they both accurately informed him that they were 17.  Jane Doe No. 1 testified that defendant gave them condoms and told them to "go out and make money."  Defendant instructed that if they saw a police officer, they should keep walking and pretend to be talking on the phone.  Jane Doe No. 2 testified that defendant told them to charge at least $60 for "car dates," which meant having "sex in a car."  Defendant instructed them to always be on top during car dates so they could watch out for the police.  Jane Doe No. 1 testified that she and Jane Doe No. 2

2

got out of the car and walked around the area for a few hours. Defendant picked up the victims around 4:00 or 5:00 a.m. Jane Doe No. 1 testified that when defendant learned they had not earned any money that night, he told them they needed to "get in the game" and "make money."

Defendant drove the girls to an apartment in Seaside. Jane Doe No. 1 testified that she showered with the bathroom door locked and then went to a bedroom to sleep. Jane Doe No. 2 showered next, and she testified that defendant had sex with her while she was in the shower. Jane Doe No. 1 testified that defendant ended up sharing the bed with them that night.

The next day, defendant dropped off the victims near the same gas station in Salinas. Jane Doe No. 1 testified that defendant followed them in his car for a period of time to make sure they were walking. Jane Doe No. 2 had at least one car date that day that lasted about an hour, during which time Jane Doe No. 1 sat next to the car. Defendant picked them up again and collected all the money Jane Doe No. 2 had earned.

After driving the girls back to the Seaside apartment, defendant instructed them to take off their clothes and pose naked for several photographs. (The photographs were admitted into evidence at trial.) Both victims testified that defendant created accounts for them on the website "BackPage," which included their pictures and their phone numbers. Both testified that they were unable to edit their advertisements on that website because defendant created them with usernames and passwords that he did not share with them.

Defendant then drove the victims to a motel in Seaside. He rented a room for them and left. The girls received text messages and phone calls from men who had seen their BackPage advertisements. Over the course of the night, each had sex with at least one man in exchange for money. The men visited the motel one at a time, and whichever victim was not participating would wait in the bathroom during the encounter.

Defendant picked the victims up the next day, and collected all the money they had earned. Defendant drove them back to the area in Salinas where he had dropped

3

them off the preceding two days. Jane Doe No. 1 testified that after defendant dropped them off and told them to make money, the victims decided they had had enough and walked to a community college. Once at the college, Jane Doe No. 2 testified that they hid on tennis courts and called her family friend to pick them up. While they were waiting for the family friend, defendant pulled up and yelled at them to get into his car. They walked away from the car, and he drove away. The victims were ultimately picked up by the family friend.

The police learned about the foregoing after Jane Doe No. 1 disclosed information during an appointment at Planned Parenthood. When defendant was arrested two months later following a traffic stop, the memory card of the cell phone in his possession contained the naked photographs of the victims.

## B. VERDICT AND SENTENCING

The jury found defendant guilty of counts 1 through 9. The jury could not reach a verdict on count 10, and it was ultimately dismissed at the prosecutor's request. Defendant waived jury on the prior strike allegation, and the court found it true after receiving evidence of the prior conviction.

Defendant was initially sentenced in February 2018. The trial court denied a motion to strike the prior strike (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497), and the parties agreed that the punishment for counts 3 and 4 (pandering) had to be stayed under section 654. Defense counsel argued counts 5 through 9 "should run concurrent to Counts 1 and 2" because all counts arose "out of the same operative facts." The trial court sentenced defendant to 30 years 8 months in prison, calculated as follows: 24 years for count 1 and a concurrent term of the same length for count 2 (the upper term, doubled because of the prior strike conviction; §§ 236.1, subd. (c)(1), 1170.12, subd. (c)(1)); 16 months consecutive for count 5 (one-third the mid-term, doubled because of the prior strike conviction; §§ 311.11, subd. (a), 1170.12, subd. (c)(1), 1170.1, subd. (a)); 16 months consecutive for count 6 (one-third the mid-

4

term, doubled because of the prior strike conviction; §§ 311.11, subd. (a), 1170.12, subd. (c)(1), 1170.1, subd. (a)); and four years consecutive for count 7 (one-third the mid-term, doubled because of the prior strike conviction; §§ 311.4, subd. (b), 1170.12, subd. (c)(1), 1170.1, subd. (a)). There is no record that sentences were imposed for the misdemeanor counts (counts 8 and 9).

While this appeal was pending, the trial court twice recalled the sentence to resentence defendant. The operative second amended abstract of judgment reduced defendant's sentence to 29 years 4 months. The reduction was the result of the trial court staying the sentence for count 6 under section 654 in response to a letter from the Department of Corrections citing *People v. Manfredi* (2008) 169 Cal.App.4th 622 (*Manfredi*).

## II.    DISCUSSION

### A.  CHILD PORNOGRAPHY POSSESSION (COUNTS 5 AND 6)

The parties agree that one of the child pornography possession counts must be dismissed. Section 311.11, subdivision (a) provides, in relevant part: "Every person who knowingly possesses ... any matter, ... including ... any ... photograph, ... the production of which involves the use of a person under 18 years of age, knowing that the matter depicts a person under 18 years of age personally engaging in or simulating sexual conduct, ... is guilty of a felony." Multiple courts have determined that as a matter of statutory interpretation, "simultaneous possession of multiple child pornography materials at the same location is chargeable as but one criminal offense" under section 311.11, subdivision (a). (*Manfredi*, *supra*, 169 Cal.App.4th at p. 624; accord *People v. Hertzig* (2007) 156 Cal.App.4th 398, 403; *People v. Mahoney* (2013) 220 Cal.App.4th 781, 796.) We accept the Attorney General's concession and will reverse the judgment for the limited purpose of dismissing count 6.

5

**B. APPLICATION OF SECTION 654 (COUNTS 5 AND 7)**

Defendant argues that punishment for counts 5 and 7 (possessing child pornography and producing child pornography for a commercial purpose, respectively) must be stayed under section 654 because they were part of the same, indivisible course of conduct as that supporting the human trafficking convictions (counts 1 and 2).[1] He also argues that, even assuming counts 1 and 2 can be separated from counts 5 and 7, the punishment for count 5 must be stayed because the intent underlying it was indivisible from the intent underlying count 7. Although defendant did not raise a section 654 objection regarding counts 5 and 7 at sentencing, a sentence that violates section 654 is unauthorized and therefore reviewable in the first instance on appeal. (*People v. Perez* (1979) 23 Cal.3d 545, 549, fn. 3.)

Section 654, subdivision (a) provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Section 654 applies "not only where there was but one act in the ordinary sense, but also where there was a course of conduct which violated more than one statute but nevertheless constituted an indivisible transaction." (*People v. Perez*, *supra*, 23 Cal.3d at p. 551.) Whether a course of conduct is indivisible depends on the intent and objective of the defendant. (*Ibid.*) Separate punishment is permissible if the defendant had "multiple or simultaneous objectives, independent of and not merely incidental to each other." (*People v. Cleveland* (2001) 87 Cal.App.4th 263, 267 (*Cleveland*).) And even offenses that are aimed at a single intent or objective can be punished separately to the extent they are "temporally separated in such a way as to afford the defendant opportunity to reflect and to renew his or her intent before committing the next one, thereby aggravating the violation of public

---

[1] As we have determined count 6 must be dismissed, we do not consider it in relation to section 654.

6

security or policy already undertaken." (*People v. Hicks* (2017) 17 Cal.App.5th 496, 514 (*Hicks*); accord *People v. Lopez* (2011) 198 Cal.App.4th 698, 717–718; *People v. Petronella* (2013) 218 Cal.App.4th 945, 964.)  We review these determinations for substantial evidence.  (*People v. Powell* (2011) 194 Cal.App.4th 1268, 1296.)

### 1.  Possessing Child Pornography Is Separately Punishable

Defendant argues that section 654 bars separate punishment for possessing child pornography (count 5) because the "purpose of posing the girls and creating the images was identical to the purpose of possessing the images."  That argument ignores the substantial temporal separation between the time the images were created and used to facilitate prostitution, and the time of defendant's arrest two months later with the photographs still in his possession (stored on his cell phone).  That temporal separation alone gave defendant ample opportunity to reflect and form new intent, making multiple punishments permissible.  (*Hicks*, *supra*, 17 Cal.App.5th at p. 514.)  Further, the trial court could reasonably conclude that defendant retained the images for his own sexual gratification, an intent and objective distinct from the commercial objective underlying counts 1 and 7.  (*Cleveland*, *supra*, 87 Cal.App.4th at p. 267 [multiple punishment permissible for simultaneous, distinct objectives].)  Defendant contends "there was no evidence that they were ever used for any other purpose."  But evidence of use is not required for the trial court to infer from their presence on his phone months later that defendant retained them for his own sexual gratification.  The sentence for count 5 does not violate section 654.

### 2.  Producing Child Pornography Is Separately Punishable

Defendant argues punishment for producing child pornography (count 7) must be stayed because his intent in taking pornographic photographs was to create content for website advertisements in order to further his objective of persuading the victims to engage in prostitution (i.e., the conduct leading to counts 1 and 2).  Though we agree that defendant's commercial intent and objective underlying the human trafficking counts is

7

the same as that behind the child pornography production count, we again conclude that separate punishment is permissible because of the temporal separation between the offenses.

Defendant drove the victims from Sacramento to Monterey County and left them near a gas station in Salinas with condoms and instructions to "make money." He picked them up early the next morning and took them to an apartment in Seaside to sleep. He drove them back to the same area the next day with similar instructions. Jane Doe No. 2 had sex for money with at least one customer that day, and she gave the money to defendant when he picked her up. At that point, defendant had already committed all elements necessary to be convicted of human trafficking. Indeed, when addressing in closing argument the conduct that formed the basis for the human trafficking counts, the prosecutor argued defendant persuaded the victims to participate in commercial sex acts not only at the motel in Seaside, but also on the streets in Salinas. It was only after completing all the elements of section 236.1 that defendant brought the victims to the Seaside apartment to take the photographs that formed the basis for count 7.

Defendant argues the "human trafficking offenses extended in time before and after the creation of the photographs and the creation of the photographs was, itself, an act in furtherance of the human trafficking." But the trial court could reasonably conclude that the "car dates" defendant demanded the victims engage in on the streets of Salinas were distinct from producing promotional photographs and renting a motel room to facilitate organized prostitution. The period of time between dropping off the victims in Salinas and picking them up to be photographed and driven to the motel provided ample opportunity for defendant to reflect on and renew his intent, which aggravated the "violation of public security or policy already undertaken." (*Hicks*, *supra*, 17 Cal.App.5th at p. 514.) The sentence for count 7 does not violate section 654.

8

## III.    DISPOSITION

The judgment is reversed and the matter is remanded with instructions to dismiss count 6 and resentence defendant on the remaining counts.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Danner, J.

**H045540 -** *The People v. Stringer*