Filed 9/20/23  P. v. Fonseca CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JOSE MANUEL FONSECA,<br><br>     Defendant and Appellant. | D081116<br><br><br>(Super. Ct. No. SCN435492) |

APPEAL from judgment of the Superior Court of San Diego County, Michael D. Washington, Judge.  Affirmed as modified.

Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Elana Miller, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION[1]

Jose Manuel Fonseca walked into a market, put a three-pack of beer inside a bag, and went to check out to pay for only a single beer. When a loss prevention employee approached Fonseca about leaving without paying for the three-pack, Fonseca refused to cooperate and began "swinging" at the employee. Once at the door, Fonseca lunged at the employee two to three times with a knife and left the store, telling the employee, "I'll be back, motherfucker." Fonseca then went inside another market and tried to take another pack of beer and threatened to "fuck . . . up" the manager who confronted him. A knife was found on Fonseca when he was arrested.

Following a bench trial, the trial court convicted Fonseca of assault with a deadly weapon (Pen. Code,[2] § 245, subd. (a)(1); count 1) and misdemeanor shoplifting (§ 459.5; count 4). The court also found true that Fonseca used a knife in the commission of the assault offense (§ 1192.7, subd. (c)(23)). He was acquitted of a second count of assault with a deadly weapon (§ 245, subd. (a)(1); count 2), the lesser included offense of battery (§ 240), and attempted robbery (§§ 664/211; count 3).

Fonseca admitted he suffered three prior convictions which made him presumptively ineligible for probation (Pen. Code, § 1203, subd. (e)(4): (1) in 2010 for felony driving under the influence of alcohol (DUI) within 10 years of a prior felony DUI (Veh. Code, §§ 23152, subd. (b), 23550.5, subd. (a)); (2) in 2019 for making a criminal threat (Pen. Code, § 422, subd. (a)); and (3) in 2021 for grand theft (Pen. Code, § 487, subd. (a)). The 2019 conviction for

---

[1]    We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2]    Undesignated statutory citations are to the Penal Code.

making a criminal threat also qualified as a strike prior (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, and 668) and a serious felony prior (Pen. Code, §§ 667, subd. (a)(1), 668, and 1192.7, subd. (c)).

The trial court denied Fonseca's *Romero*[3] motion and sentenced him to 11 years in prison, consisting of the middle term of three years on the assault with a deadly weapon charge (count 1), doubled for the prior strike conviction, with five consecutive years for the prior serious felony conviction. As to the misdemeanor shoplifting charge (count 4), the court denied probation and imposed 180 days concurrent to count 1. The court also imposed various fees and fines, including a $41 theft fine pursuant to section 1202.5, subdivision (a).

On appeal, Fonseca contends the court abused its discretion in denying his *Romero* motion and wrongly imposed the theft fine. We disagree with the first point but agree with the second. As a result, we shall strike the theft fine and affirm the judgment as modified.

1.    *Denial of Fonseca's* Romero *Motion*

We review a trial court's failure to strike a prior conviction allegation for abuse of discretion. (*People v. Williams* (1998) 17 Cal.4th 148, 162 (*Williams*).) Absent a showing that the court acted arbitrarily or irrationally, we presume that the court " ' "acted to achieve [the] legitimate sentencing objectives [of the Three Strikes law], and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376–377 (*Carmony*).)

Trial courts have the discretion to dismiss "strike" prior convictions in limited cases (*Romero, supra*, 13 Cal.4th at p. 530) where the dismissal is "in

---

3    *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

3

furtherance of justice" (§ 1385*; People v. Thimmes* (2006) 138 Cal.App.4th 1207, 1213). The court determines "whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams, supra,* 17 Cal.4th at p. 161.) Relevant here, "[a] repeat criminal falls outside the spirit of the Three Strikes law only in extraordinary circumstances." (*People v. Anderson* (2019) 42 Cal.App.5th 780, 786, citing *Carmony, supra,* 33 Cal.4th at p. 378; see *People v. Gaston* (1999) 74 Cal.App.4th 310, 320 (*Gaston*) [unrelenting record of recidivism compels conclusion that defendant falls within spirit of Three Strikes law].)

We cannot say this is an "extraordinary case" where the evidence "manifestly support[s] the striking of a prior conviction and no reasonable minds could differ." (*Carmony, supra*, 33 Cal.4th at p. 378.) In denying the *Romero* motion, the trial court considered the relevant factors, including that Fonseca's criminal history spans 25 years with "almost all [his] crimes hav[ing] documented references" to alcohol consumption and that the 2019 strike prior was recent and involved "similar type of conduct." In "final comments" to Fonseca after it imposed the sentence, the court said: "Here's my hope for you: That you use this time in custody to deal with your alcohol issue. [¶] My concern is you managed, for 25 years, to not address those [issues]. My belief is that if I had taken your attorney up on her request to strike the strike and grant you probation, you wouldn't take advantage of that because you've demonstrated for 25 years that you don't want to."

4

The trial court's decision was not so arbitrary or irrational that no reasonable person could possibly agree. A reasonable judge could find that Fonseca's criminal record shows an "unrelenting record of recidivism," with increasing violence, such that he falls within the spirit of the Three Strikes law. (*Gaston*, *supra*, 74 Cal.App.4th at p. 320.) Between 1997 and 2021, Fonseca was convicted of 12 offenses. This included five alcohol-related driving offenses, including two felony DUI convictions in 2005 and 2010. He suffered additional convictions in 2017, 2018, and then his 2019 strike prior for criminal threats.

And for the 2019 strike prior, Fonseca was afforded leniency. He was granted an opportunity to rehabilitate with a three-year grant of formal probation and 52 weeks of 12-step meetings to treat his alcohol dependency. Less than a year later, in June 2020, Fonseca violated probation and was subsequently convicted of grand theft in 2021 and sent to state prison for 16 months. As the trial court noted, the 2020 case involved conduct similar to this case. There, Fonseca entered a Walmart, concealed a pack of beer and bottle of wine in his pants, and proceeded to exit the store without paying. When the loss prevention employee attempted to recover the stolen items, Fonseca became aggressive, revealed a knife and threatened to stab the employee. He also told the employee he had a gun and threatened to shoot him. At his arrest, Fonseca displayed signs of intoxication.

On this record, the trial court could reasonably conclude Fonseca " 'failed or refused to learn his lesson' " (*Williams, supra*, 17 Cal.4th at p. 163), and his recidivism placed him well within the spirit of the Three Strikes law (*Gaston, supra*, 74 Cal.App.4th at p. 320; *id.* at p. 322 ["[T]he record is barren of any attempts by [defendant] to 'root out' such destructive drug dependency."]; see, e.g., *People v. Barrera* (1999) 70 Cal.App.4th 541,

5

552–553 [affirming a denial of a *Romero* motion because the trial court properly considered the "appellant's lengthy history of substance abuse" and the fact he "had not been involved in a drug rehabilitation program long enough to achieve any measure of success," and concluded the appellant had minimal prospects]).  The court considered the circumstances and reasonably concluded it would not be in the interest of justice to strike Fonseca's prior strike conviction.  We see no abuse of discretion.

2.    *Theft Fine*

Among other fines and fees, the court imposed a $41 theft fine under section 1202.5, subdivision (a).  That section states in pertinent part, "In any case in which a defendant is convicted of any of the offenses enumerated in Section 211, 215, 459, 470, 484, 487, subdivision (a) of Section 487a, or Section 488, or 594, the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed."  (§ 1202.5, subd. (a).)

Fonseca contends neither his conviction for assault with a deadly weapon under section 245, subdivision (a)(1), nor his conviction for shoplifting under section 459.5, is enumerated under section 1202.5, subdivision (a).  Thus he argues the theft fine based on either of these convictions is not authorized by law and must be stricken.

In response, the People argue that we should "extend" section 1202.5 to shoplifting, even though the offense is not enumerated under the statute's plain language.  They contend that a shoplifting offense (§ 459.5) is similar to two of other enumerated offenses—petty theft (§ 484, subd. (a)) and burglary (§ 459)—and the "obvious explanation for its absence is section 459.5 was enacted just nine months after section 1202.5."  That may be true.  However, "[i]f the Legislature wishes to amend the statute to reach [a later added

6

conviction] in this fashion, it is free to do so, but that is not our prerogative." (*People v. Morgan* (2023) 87 Cal.App.5th 858, 860.)

Our role is to construe the statute and discern the Legislature's intent. (*People v. Dyer* (2002) 95 Cal.App.4th 448, 452.) "Because the statutory language is generally the most reliable indicator of that intent, we look first at the words themselves, giving them their usual and ordinary meaning and construing them in context. [Citation.] If the plain language of the statute is clear and unambiguous, our inquiry ends and there is no need for judicial construction." (*Id.* at p. 453.) " 'It is well established that it is not the proper function of the courts to supply legislative omissions from a statute in an attempt to make it conform to a presumed intention of the Legislature not expressed in the statutory language.' " (*People v. Superior Court* (*Cheek*) (2023) 87 Cal.App.5th 373, 379, review denied Mar. 29, 2023 (*Cheek*).)

By its plain and unambiguous terms, there is an "enumerated" list of offenses in section 1202.5 under which a theft fine may be imposed. (§ 1202.5, subd. (a).) Because the offenses Fonseca was convicted of under sections 245, subdivision (a)(1), and 459.5 are not included in the enumerated offenses, they are necessarily excluded. (See *People v. Gray* (1979) 91 Cal.App.3d 545, 550–551 [" 'The legislative inclusion of the four crimes as exceptions necessarily excludes any other exceptions' "]; *People v. Rowland* (1999) 75 Cal.App.4th 61, 66 ["*[E]xpressio unius est exclusio alterius* (the expression of one thing is the exclusion of another)"].) We cannot cure that omission. (*Cheek*, *supra*, 87 Cal.App.5th at p. 379, review denied.) The court was not authorized to impose the theft fine on an offense not enumerated in section 1202.5.

7

## DISPOSITION

The judgment is modified by striking the $41 theft fine (§ 1202.5, subd. (a)). As modified, the judgment is affirmed. The trial court is directed to amend the abstract of judgment accordingly and to send a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


DO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DATO, J.

8