Filed 2/14/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MATTHEW JAMES DE LA CERDA, <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF FRESNO COUNTY, <br><br> Respondent; <br><br> THE PEOPLE, <br><br> Real Party in Interest. | F082783 <br><br> (Super. Ct. No. F20907717) <br><br> **OPINION** |

ORIGINAL PROCEEDINGS: petition for writ of mandate. Michael G. Idiart, Judge.

Law Office of Rick Horowitz and Rick Horowitz for Petitioner.

No appearance for Respondent.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Eric L. Christoffersen, Deputy Attorneys General, for Real Party in Interest.

-ooOoo-

# INTRODUCTION

The writ petition before us concerns Penal Code section 311.11, subdivision (c),[1] and whether that statutory provision constitutes substantive offenses or an alternate penalty provision. Section 311.11(a), defines the offense of child pornography possession and provides an alternate misdemeanor or felony punishment of up to three years in prison upon conviction. An alternate misdemeanor or felony punishment of up to five years in prison is prescribed under section 311.11(c) if section 311.11(a) is violated and at least one of two aggravating factors is present.

Petitioner Matthew James De La Cerda was charged with three counts of child pornography possession under section 311.11: count 1–violation of section 311.11(a) that includes over 600 images of child pornography, including 10 or more images of a prepubescent minor or minor under 12 years of age (§ 311.11(c)(1)); count 2–violation of section 311.11(a) that includes sadomasochistic child or youth pornography (§ 311.11(c)(2)); and count 3–possession of child pornography in violation of section 311.11(a). Petitioner filed a demurrer asserting counts 1 and 2 under section 311.11(c) were not predicated on substantive offenses for which separate convictions were permitted–section 311.11(c) was an alternate penalty provision for a violation of section 311.11(a) where at least one aggravating factor exists. The demurrer was overruled without prejudice, and petitioner filed a petition for a writ of mandamus to compel the Fresno Superior Court to vacate and reverse its order.

After we summarily denied the petition, the California Supreme Court granted review and transferred the matter back to this court with directions that we vacate our

---

[1] All other statutory references are to the Penal Code unless otherwise indicated.

Section 311.11, subdivisions (a), (b), (c), (c)(1), and (c)(2) are referred to in this opinion as section 311.11(a), section 311.11(b), section 311.11(c), section 311.11(c)(1), and section 311.11(c)(2), or as § 311.11(a), § 311.11(b), § 311.11(c), § 311.11(c)(1), and § 311.11(c)(2).

summary denial and issue an order to show cause why the petition should not be granted. Having now done so, and considering the parties' arguments, we conclude section 311.11(c) is an alternate penalty provision, not a substantive offense. As counts 1 and 2 do not state substantive offenses, they may not be separately charged pursuant to section 954. The trial court was required to sustain the demurrer. For the reasons discussed below, the writ of mandate shall be granted.

## BACKGROUND

A search warrant executed at petitioner's residence on October 1, 2020, revealed 288 items of alleged child pornography on petitioner's electronic devices. Of these, 39 were videos (each of which assertedly qualify as 50 images under section 311.11, subdivision (f)(2)), and at least one of which purportedly depicts sexual sadism or sexual masochism.

The Fresno County District Attorney filed a criminal complaint charging petitioner as follows: count 1–possession of over 600 images of child pornography within the meaning of section 311.11(a), including 10 or more images of a prepubescent minor or a minor under 12 years of age (§ 311.11(c)(1)); count 2–possession of sadomasochistic child or youth pornography (§ 311.11(c)(2)); and count 3–possession of child pornography in violation of section 311.11(a).

On March 16, 2021, petitioner filed a demurrer to the felony complaint and argued counts 1 and 2 under section 311.11(c)(1) and (c)(2) were not substantive offenses—the counts were derived from a penalty provision that provided for a greater sentence when one or more aggravating factors accompanied the substantive offense of possession of child pornography under section 311.11(a). The district attorney filed an opposition brief on March 19, 2021; petitioner filed a reply brief on March 26, 2021. On March 30, 2021, the superior court overruled the demurrer without prejudice.

On May 17, 2021, petitioner filed a petition with this court for writ of mandate/prohibition that the superior court vacate and reverse its March 30, 2021, order

overruling the demurrer. That petition was summarily denied on the day it was filed; and petitioner immediately filed a petition for review in the California Supreme Court, case No. S268826. Our high court requested real party in interest—the People—to file an answer to the petition for review. On July 14, 2021, the high court granted the petition for review and transferred the matter back to this court, directing that we vacate our order denying the petition and to issue an order to show cause why petitioner is not entitled to the requested relief. Our high court also stayed all further proceedings in the superior court pending further order of this court.

On July 29, 2021, we vacated the May 17, 2021, order denying the petition and ordered the People to show cause why the relief prayed for by petitioner should not be granted. The People filed a return to the order to show cause on August 30, 2021, and petitioner filed a reply to the return to the order to show cause on September 30, 2021.

## DISCUSSION

### I. Propriety of Writ Review

In criminal and civil proceedings, review of interlocutory rulings of trial courts by extraordinary writ generally is available only if there is no adequate remedy by appeal. (*Serna v. Superior Court* (1985) 40 Cal.3d 239, 263, as modified on denial of rehearing Dec. 19, 1985.) A writ of mandate may be issued by "any court to any inferior tribunal … to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled" in cases "where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." (Code Civ. Proc., §§ 1085, subd. (a), 1086; see *Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205, citing *People ex rel. Younger v. County of El Dorado* (1971) 5 Cal.3d 480, 491 (*El Dorado*).) "Two basic requirements are essential to the issuance of the writ: (1) A clear, present and usually ministerial duty upon the part of the respondent [citations]; and (2) a clear, present and beneficial right in the petitioner to the performance of that duty [citation]." (*El Dorado, supra*, at p. 491.) "A 'ministerial duty' is one generally imposed

4.

upon a person in public office who, by virtue of that position, is obligated 'to perform in a prescribed manner required by law when a given state of facts exists. [Citation.]'" (*City of King City v. Community Bank of Central California* (2005) 131 Cal.App.4th 913, 926.)

In their return to the order to show cause, the People claim that writ relief is not warranted because petitioner has an adequate remedy by virtue of a direct appeal after judgment. Petitioner contends that an eventual direct appeal after judgment would not be a plain, speedy and adequate remedy and may affect his ability to negotiate a plea.

Regardless of the parties' dispute, by directing us to issue an order to show cause why the writ petition should not be granted, the Supreme Court has "'necessarily determined that there is no adequate remedy in the ordinary course of law and that this case is a proper one for the exercise of our original jurisdiction [citations].'" (*People v. Superior Court* (*Sanchez*) (2014) 223 Cal.App.4th 567, 572, quoting *El Dorado, supra*, 5 Cal.3d at p. 492; see *Hagan v. Superior Court* (1960) 53 Cal.2d 498, 502, fn. 1 ["An order to show cause, …like an alternative writ, entails an expenditure of time and effort of court and counsel that would be wasted if another remedy were subsequently found adequate and the merits of the dispute, although fully presented, were not determined."]; see also *Ingram v. Superior Court* (1979) 98 Cal.App.3d 483, 489–490 [issuing order to show cause why writ petition should not be granted is necessarily a determination there is no adequate remedy in the ordinary course of the law]; see also *Castaneda v. Municipal Court* (1972) 25 Cal.App.3d 588, 592 ["issuance of an alternative writ and order to show cause in any case conclusively determines inadequacy of the appellate remedy for that case"].)

We therefore proceed to consider the parties' arguments regarding the nature of section 311.11(c), and whether the trial court was required to sustain petitioner's demurrer to counts 1 and 2 as a matter of law. (*Babb v. Superior Court* (1971) 3 Cal.3d

5.

841, 851 (*Babb*) [trial court must apply the proper law and may be directed to perform that duty by writ of mandate].)

## II.     Section 311.11(c) is a Penalty Provision

### A.     Background

Petitioner argues he cannot be charged with separate counts of possession under section 311.11(c) because it is a penalty provision. According to petitioner, there can be only one count of possession charged under section 311.11(a) with penalty allegations asserted under section 311.11(c)(1) and (c)(2), which, if proven, raise the potential maximum penalty. The People maintain section 311.11(c)(1) and (c)(2) articulate new crimes of child pornography possession for which separate charges are permitted under section 954.

#### 1.     Former Section 311.11

From November 7, 2006, until the statute was amended in 2013, section 311.11 articulated an offense for the possession of child pornography and provided a higher penalty for those who had been previously convicted of the same or a similar crime or any attempt to commit those offenses.

> "(a)     Every person who knowingly possesses or controls any matter, representation of information, data, or image, including, but not limited to, any film, filmstrip, photograph, negative, slide, photocopy, videotape, video laser disc, computer hardware, computer software, computer floppy disc, data storage media, CD-ROM, or computer-generated equipment or any other computer-generated image that contains or incorporates in any manner, any film or filmstrip, the production of which involves the use of a person under the age of 18 years, knowing that the matter depicts a person under the age of 18 years personally engaging in or simulating sexual conduct, as defined in subdivision (d) of Section 311.4, is guilty of a felony and shall be punished by imprisonment in the state prison, or a county jail for up to one year, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both the fine and imprisonment.

> "(b)     Every person who commits a violation of subdivision (a), and who has been previously convicted of a violation of this section, an offense

6.

requiring registration under the Sex Offender Registration Act, or an attempt to commit any of the above-mentioned offenses, is guilty of a felony and shall be punished by imprisonment in the state prison for two, four, or six years.

"(c)   It is not necessary to prove that the matter is obscene in order to establish a violation of this section.

"(d)   This section does not apply to drawings, figurines, statues, or any film rated by the Motion Picture Association of America, nor does it apply to live or recorded telephone messages when transmitted, disseminated, or distributed as part of a commercial transaction."

### 2.   Possession of Multiple Images Chargeable as Only One Count

In 2007 and 2008, two appellate courts considered whether possession of multiple images of child pornography could be charged as separate violations of section 311.11(a). In *People v. Hertzig* (2007) 156 Cal.App.4th 398 (*Hertzig*), the defendant was convicted of 10 counts of possession of child pornography under section 311.11(a) based on his possession of 30 child pornography videos found on a laptop computer seized from his residence. (*Hertzig, supra*, at pp. 400–401.) The separate charges were based on the fact the videos each separately existed and different child victims appeared in those videos. (*Id.* at p. 401.)

On appeal, the defendant argued the possession of multiple child pornography videos constituted only a single violation of section 311.11(a). (*Hertzig, supra*, 156 Cal.App.4th at p. 399.) In agreeing with the defendant and reversing and dismissing nine of the 10 counts, the court considered whether multiple convictions were permitted in other types of possession cases. (*Id.* at pp. 402–403.) *Hertzig* noted that across other possession cases, two principles emerged:  simultaneous possession of multiple items of one type of contraband constitutes only a single possession violation; and simultaneous possession of multiple types of contraband in the same location constitutes a single possession violation. (*Id.* at p. 402.) In the context of child pornography, the court

7.

reasoned, the defendant's possession of multiple child pornography videos on his laptop constituted a single act of possession. (*Id.* at p. 403.)

A year later, a panel of this court issued a decision in *People v. Manfredi* (2008) 169 Cal.App.4th 622 (*Manfredi*) and joined *Hertzig* in its conclusion multiple images of child pornography found at one time in one location constitute only one count of possession. (*Manfredi, supra*, at pp. 629–634.) Similar to *Hertzig*, the defendant in *Manfredi* was charged with multiple counts of possession of child pornography under section 311.11(a) based on simultaneous possession of multiple images of child pornography. (*Manfredi, supra*, at p. 625.) Different from *Hertzig*, though, the multiple images of child pornography in *Manfredi* were found on different media: multiple computers, hard drives, discs, and tapes. (*Manfredi, supra*, at p. 625.) Manfredi demurred to the criminal complaint, arguing he could be charged with only a single count of possession of child pornography. (*Ibid.*) Applying *Hertzig*, the trial court sustained the demurrer without leave to amend and dismissed all but one count of possession of child pornography. (*Id.* at p. 625.)

Upon the People's appeal, the *Manfredi* court affirmed the dismissal of all but one of the section 311.11(a) possession counts, holding the defendant's "simultaneous possession of multiple child pornography materials at the same location is chargeable as but one criminal offense under [section 311.11(a)]." (*Manfredi, supra*, 169 Cal.App.4th at p. 624.) The court observed the other types of possession cases that *Hertzig* relied on indicated the statutory categorization of singular possession is not dependent on the items being found in only one container. (*Manfredi, supra*, at p. 630.) This made good sense, the court pointed out, because otherwise it would mean a defendant could be convicted of only one count of possession of child pornography when there is a massive amount of child pornography on one item of computer hardware, but could be convicted of two counts of possession of child pornography when he is in possession of one photograph and one slide found in separate containers. (*Id.* at p. 633.)

8.

Moreover, section 311.11(a) criminalizes the possession of "'any matter'" that involves the use of a person under the age of 18 years, knowing that the matter depicts a person under the age of 18 years personally engaging in or simulating sexual conduct. The court reasoned the word "any" has long been construed statutorily as ambiguously indicating either the singular or the plural. (*Manfredi, supra*, 169 Cal.App.4th at p. 633.) Added to the Legislature's use of the word "any" in describing the unit of possession, the court noted the Legislature presumably knew the other types of possession statutes bore a strong resemblance to section 311.11(a) in terms of describing the unit of possession and that case law held the property or contraband described in those statutes found at the same time and place could not be fragmented into multiple crimes. (*Manfredi, supra*, at p. 634.) Despite this, the Legislature had not taken any steps to provide that each single piece of evidence in a child pornography case could be the basis of a separate count. (*Ibid.*) The court concluded that it is "within the Legislature's prerogative, if it so decides, to amend section 311.11 to describe the unit of possession in singular terms, as it did for certain possession of weapons crimes …, or it may see fit to create varying grades of the offense based on the quantity of pornography possessed at one time." (*Manfredi, supra*, at p. 634.)

### 3. Senate Bill No. 145 Amendments to Section 311.11

In 2013, the Legislature passed Senate Bill No. 145, which, according to the author, was meant to "set[] meaningful penalties for the most culpable child pornography possessors, such as those who possess thousands of images of infants and toddlers engaged in sadistic or masochistic sexual acts." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 145 (2013–2014 Reg. Sess.) as amended Apr. 2, 2013, p. 8.) In the bill analysis conducted by the Senate Committee on Public Safety, the committee noted the proposed bill provided higher penalties for possession of child pornography based on the number of images and the egregious nature of the images. (*Id.* at p. 10.) The analysis cited *Manfredi* and noted that while prosecutors had sought multiple convictions and

9.

penalties in cases where the defendant possessed a large number of images, courts had interpreted the statute to mean that possession of multiple items of child pornography constitutes only one crime. (*Ibid.*) The bill analysis provides that "[t]o address the issue discussed in *Manfredi*, this bill authorizes a higher penalty for possession of more than 600 prohibited images, at least 10 of which depicted prepubescent minors or minor under the age of 12 years. The bill also authorizes a higher penalty where the material depicted minors engaged in sexual sadism or masochism." (*Ibid.*)

After several revisions, Senate Bill No. 145 was signed into law by the Governor on October 12, 2013, and became effective January 1, 2014. Section 311.11was amended as follows:

> "(a) Every person who knowingly possesses or controls any matter, representation of information, data, or image, including, but not limited to, any film, filmstrip, photograph, negative, slide, photocopy, videotape, video laser disc, computer hardware, computer software, computer floppy disc, data storage media, CD–ROM, or computer-generated equipment or any other computer-generated image that contains or incorporates in any manner, any film or filmstrip, the production of which involves the use of a person under 18 years of age, knowing that the matter depicts a person under 18 years of age personally engaging in or simulating sexual conduct, as defined in subdivision (d) of Section 311.4, is guilty of a felony and shall be punished by imprisonment in the state prison, or a county jail for up to one year, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both the fine and imprisonment.[2]

> "(b) Every person who commits a violation of subdivision (a), and who has been previously convicted of a violation of this section, an offense requiring registration under the Sex Offender Registration Act, or an attempt to commit any of the above-mentioned offenses, is guilty of a felony and shall be punished by imprisonment in the state prison for two, four, or six years.[3]

---

**2** Section 311.11(a) was amended nonsubstantively by modifying the words "18 years" to state "18 years of age" in two instances.

**3** No amendment to section 311.11, subdivision (b), was made under Senate Bill No. 145.

"(c)    Each person who commits a violation of subdivision (a) shall be punished by imprisonment in the state prison for 16 months, or two or five years, or shall be punished by imprisonment in a county jail for up to one year, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both the fine and imprisonment, if one of the following factors exists:

"(1)    The matter contains more than 600 images that violate subdivision (a), and the matter contains 10 or more images involving a prepubescent minor or a minor who has not attained 12 years of age.

"(2)    The matter portrays sexual sadism or sexual masochism involving a person under 18 years of age.  For purposes of this section, 'sexual sadism' means the intentional infliction of pain for purposes of sexual gratification or stimulation.  For purposes of this section, 'sexual masochism' means intentionally experiencing pain for purposes of sexual gratification or stimulation."

Section 311.11, former subdivisions (c) and (d), were redesignated as subdivisions (d) and (e), and a new subdivision (f) was created:

"(f)    For purposes of determining the number of images under paragraph (1) of subdivision (c), the following shall apply:

"(1)    Each photograph, picture, computer, or computer-generated image, or any similar visual depiction shall be considered to be one image.

"(2)    Each video, video-clip, movie, or similar visual depiction shall be considered to have 50 images."

The parties' dispute concerns the nature of the amendment to section 311.11(c), which, in light of the background outlined above, we turn to now.

**B.    Analysis**

The parties' disagree whether section 311.11(c)(1) and (c)(2) define separate substantive offenses distinct from section 311.11(a).  Petitioner maintains section 311.11(a) defines the single substantive offense of child pornography possession while section 311.11(c) states an alternate penalty provision for that offense when at least one of the two aggravating factors identified in section 311.11(c)(1) and (c)(2) exists.  As

11.

such, counts 1 and 2 under section 311.11(c)(1) and (c)(2) do not constitute public offenses, and the demurrer to the felony complaint should have been sustained pursuant to section 1004, paragraph (4).[4]  The People respond that section 311.11(c)(1) and (c)(2) define substantive offenses, and thus section 954 permits multiple charges and convictions under those subdivisions.

Pursuant to section 954, "[a]n accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense … under separate counts .…  The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any number of the *offenses* charged .…"  (Italics added.) The issue, therefore, is not the permissibility of separate punishments, but whether separate charges under section 311.11(c)(1) and (c)(2) are permissible as substantive *offenses*.  (*People v. Gonzalez* (2014) 60 Cal.4th 533, 537 [recognizing multiple charges and multiple convictions can be based on a single criminal act if the charges allege separate offenses].)[5]

The question is one of statutory interpretation.  (*People v. Wallace* (2003) 109 Cal.App.4th 1699, 1702 [determining whether statutory provision states substantive offense or penalty provision is an issue of statutory interpretation].)  Our role is to ascertain the Legislature's intent to effectuate the purpose of the law.  (*People v. Brookfield* (2009) 47 Cal.4th 583, 592.)  To determine this intent, we first look to the words of the statute because they are the most reliable indicator of legislative intent.

---

[4]  Section 1004, paragraph 4, provides that the defendant may demur to the accusatory pleading when it appears the facts stated do not constitute a public offense.

[5]  In light of our ultimate conclusion that section 311.11(c) is an alternate penalty provision and given the pretrial posture of the case, we do not consider whether section 311.11(a) could be a necessarily included offense of section 311.11(c) for which multiple convictions would be barred.  (See *People v. Montoya* (2004) 33 Cal.4th 1031, 1034 [judicially created exception to § 954 precludes convictions based on necessarily included offenses].)

(*Walker v. Superior Court* (2021) 12 Cal.5th 177, 194.)  We consider the statutory language in context, keeping in mind the nature and obvious purpose of the statute. (*People v. Brookfield, supra*, at p. 592.)  If the relevant statutory language is ambiguous, we look to appropriate extrinsic sources, including the legislative history, for further insights.  (*Walker v. Superior Court, supra*, at p. 194.)

Every angle from which section 311.11(c) is examined indicates it is an alternate penalty provision under which separate counts and convictions do not lie.  Turning to the statute itself, the language and structure of section 311.11 indicate the Legislature intended section 311.11(c) to be a penalty provision.

Sentence enhancements, penalty provisions, and substantive offenses are distinct provisions.  (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 898 (*Robert L.*).) Statutory provisions describing substantive crimes "generally define criminal *acts.*" (*People v. Ahmed* (2011) 53 Cal.4th 156, 163.)  A substantive offense defines or sets forth elements of a new crime.  (*People v. Bright* (1996) 12 Cal.4th 652, 661 (*Bright*), overruled on another ground in *People v. Seel* (2004) 34 Cal.4th 535, 550, fn. 6; *Robert L., supra*, at p. 899.)  Differently, sentence enhancements and alternate penalty provisions increase the punishment for an already defined criminal act.  (*People v. Ahmed, supra*, at p. 163; *Bright, supra*, at p. 661.)  "They focus on *aspects* of the criminal act that are not always present and that warrant additional punishment."  (*People v. Ahmed, supra*, at p. 163.)  While these statutes may resemble substantive offenses in that they impose additional punishment based on a factual finding that a defendant engaged in particular conduct while committing a crime, they are not separate offenses because they do not define criminal acts.  (*Ibid.*; see *People v. Hernandez* (1988) 46 Cal.3d 194, 207– 208 [just because an enhancement articulates an element in addition to those necessary for the substantive crime does not imply a new crime has been defined], abrogated on another ground in *People v. King* (1993) 5 Cal.4th 59, 78, fn. 5.)

Further, while sentence enhancements and penalty provisions generally serve similar functions, there is a difference between the two, which "is subtle but significant." (*People v. Jones* (2009) 47 Cal.4th 566, 578.) A sentence enhancement is "'an additional term of imprisonment added to the base term.'" (*Robert L., supra*, 30 Cal.4th at p. 898, quoting Cal. Rules of Court, former rule 4.405(c) & citing *People v. Jefferson* (1999) 21 Cal.4th 86, 101.) By contrast, a penalty provision "prescribes an added penalty to be imposed when the offense is committed under specified circumstances." (*Bright, supra*, 12 Cal.4th at p. 661.) In other words, it is an "'alternate penalty *for the underlying felony itself*, when the jury has determined that the defendant has satisfied the conditions specified in the statute.'" (*People v. Jones, supra*, at p. 578.) "The jury does not decide the truth of the penalty allegation until it first has reached a verdict on the substantive offense charged." (*Bright, supra*, at p. 661.)

Thus, in *Bright*, the California Supreme Court determined that section 664, subdivision (a),[6] which applies to willful, deliberate and premeditated attempted murder, "sets forth a penalty provision prescribing an increased sentence … to be imposed upon a defendant's conviction of attempted murder when the additional specified circumstances are found true by the trier of fact." (*Bright, supra*, 12 Cal.4th at p. 669, fn. omitted.) The additional circumstance specified by section 664, subdivision (a), is whether the attempted murder is willful, deliberate and premeditated—it focuses on this aspect of how the substantive offense was committed.

---

**6** Section 664, former subdivision (a), provided that "[i]f the offense so attempted is punishable by imprisonment in the state prison, … the person guilty of that attempt is punishable … for one-half the term of imprisonment prescribed upon a conviction of the offense so attempted; provided, however, that if the crime attempted is willful, deliberate, and premediated murder, as defined in Section 189, the person guilty of that attempt shall be punishable by imprisonment in the state prison for life with the possibility of parole …." The specific penalty of life imprisonment with the possibility of parole "'if the crime attempted is willful, deliberate, and premeditated murder, as defined in Section 189,'" was added to the statute by a 1986 legislative amendment. (*Bright, supra*, 12 Cal.4th at p. 662, quoting Stats. 1986, ch. 519, § 2, p. 1859.)

Somewhat more recently, in *People v. Muhammad* (2007) 157 Cal.App.4th 484 (*Muhammad*), the First District Court of Appeal considered whether the stalking statute under section 646.9, subdivisions (b) and (c), stated alternate penalty provisions or, instead, a series of substantive stalking crimes. (*Muhammad, supra*, at p. 486.) Section 646.9, then and now, sets out the offense of stalking in section 646.9, subdivision (a) (section 646.9(a)), and makes the crime punishable as a misdemeanor or a felony. In subdivisions (b), (c)(1), and (c)(2), the statute provides greater punishments for violations of section 646.9(a) that are committed under different situations. For example, if the stalking offense is committed when other types of protective orders are already in place, the crime is a felony with a greater base sentencing range (§ 646.9, subd. (b)); if the defendant has suffered a prior enumerated conviction, the stalking offense may be punished as a felony with a greater base sentencing range (§ 646.9, subd. (c)(1)); and if the defendant has a prior stalking conviction, the current stalking offense is a felony subject to a greater base sentencing range (§ 646.9, subd. (c)(2)).

The defendant in *Muhammad* was convicted on four separate counts of stalking under section 646.9, subdivisions (a), (b), (c)(1) and (c)(2), based on a single, identical course of conduct. (*Muhammad, supra*, 157 Cal.App.4th at p. 489.) On appeal, the defendant argued the subdivisions did not each define separate offenses, but were alternate punishments for the single offense of stalking defined in section 646.9(a). (*Muhammad, supra*, at p. 490.) The People argued the subdivisions described separate substantive offenses for which multiple convictions under section 954 were permitted. (*Muhammad, supra*, at p. 490.) After reviewing pertinent case law, including *Bright* and *Robert L.*, the court explained that only section 646.9(a) sets out the substantive crime of stalking, while subdivisions (b) and (c), after referring to subdivision (a), focus on the criminal history of the defendant that is not present for all perpetrators. (*Muhammad, supra*, at p. 493.) The effect of section 646.9, subdivisions (b) and (c), the court reasoned, was to create a higher base term for stalking when it is committed by a

defendant with a particular criminal history. (*Muhammad, supra*, at p. 494.) As such, the jury would not consider the truth of these penalty facts until it reached a verdict on the substantive stalking offense under section 646.9(a). (*Muhammad, supra*, at p. 494.) The court concluded section 646.9, subdivisions (b) and (c) were penalty provisions triggered when the offense of stalking was committed by a person with the specified criminal history and only one conviction could be sustained. (*Muhammad, supra*, at p. 494.)

Here, the structure and wording of section 311.11(c) bears the hallmarks of an alternate penalty provision like that in *Muhammad*. Similar to section 646.9, the substantive crime of child pornography possession is set out in section 311.11(a). This subdivision contains a definition of child pornography—which includes any matter the production of which involves "the use of a person under 18 years of age … engaging in or simulating sexual conduct." (§ 311.11(a).) To be guilty of possession, the subdivision provides a person must knowingly possess or control the matter involved (e.g., images, film, data, slides, videos, etc.); *and* must know that this matter depicts child pornography as defined by the statute. (*Ibid.*) Much like section 646.9, subdivisions (b) and (c), section 311.11(c) does not contain a definition of the child pornography possession offense; instead, it refers to a person who commits a violation of section 311.11(a). Section 311.11(c) then sets out a higher maximum sentence if one of the factors articulated in section 311.11(c)(1) or (c)(2) exist. Section 311.11(c) does not become applicable until the factfinder first determines there is a violation of section 311.11(a), which defines the criminal acts that comprise the offense of child pornography possession.

The People argue section 311.11(c) is not a penalty provision because the additional factors articulated are unlike those in section 646.9, subdivisions (b) and (c)— i.e., the factors under section 311.11(c)(1) and (c)(2) are not unrelated to how the offense was committed. The People reason that an actual penalty provision for a violation of section 311.11(a) would relate to something like possession of child pornography while

16.

being on felony probation in another case or might involve possession of child pornography within a certain distance of an elementary school. Instead, the People argue, section 311.11(c) criminalizes specific acts of possession by amounts and types of child pornography.

This argument is unpersuasive for two reasons. First, we find no authority limiting a penalty provision to describing circumstances unrelated to acts of the crime itself, and the People cite none. Rather, in *Bright*, our high court concluded section 664, subdivision (a), was a penalty provision. (*Bright, supra*, 12 Cal.4th at p. 669.) That provision prescribed a greater punishment if an attempted murder was committed in a particular manner—willful, deliberate and premeditated—thus focusing on an aspect of acts or conduct that comprised the underlying offense. (*Ibid.*) Subsequently in *People v. Hernandez*, the high court explained the fact that an enhancement includes an element in addition to those necessary to prove a violation of the substantive offenses does not imply a newly defined crime: "Enhancements typically focus on an element *of the commission of the crime* or the criminal history of the defendant which is not present for all such crimes and perpetrators and which justifies a higher penalty than that prescribed for the offenses themselves. That is one of the very purposes of an enhancement's existence." (*People v. Hernandez, supra*, 46 Cal.3d at pp. 207–208, italics added.) The fact that section 311.11(c) focuses on an aspect of the possession offense—the nature and amount of prohibited material—does not preclude it from being a penalty provision or transform it into newly defined crimes.

Second, as already noted, section 311.11(c) does not set out any of the acts that constitute child pornography possession. It neither defines child pornography nor indicates the requirements necessary to establish possession. Section 311.11(c) expressly predicates its application on the commission of the child pornography possession offense as set out in section 311.11(a) and then lists additional "factors" that, if found to exist, heighten the maximum possible punishment for the crime defined in section 311.11(a).

17.

There is no substantive crime articulated by section 311.11(c). (See *Robert L., supra*, 30 Cal.4th at pp. 899–900 [§ 186.22, subd. (d), not a substantive offense because it does not define or set forth elements of a new crime]; see also *Muhammad, supra*, 157 Cal.App.4th at p. 493 [subsequent provisions that did not set out elements of the offense were penalty provisions].)

Additionally, section 311.11(c)'s use of the word "factors" to describe the materials articulated in section 311.11(c)(1) and (c)(2) also suggests this is a penalty provision meant to affect sentencing. We note this view of section 311.11(c) is reflected in the Judicial Council pattern jury instruction for possession of child pornography, which designates section 311.11(c)(1) and (c)(2) as sentencing factor allegations. (See CALCRIM No. 1145.)

The People contend that to construe section 311.11(c) as a penalty provision would lead to an absurd result because where both factors under section 311.11(c)(1) *and* (c)(2) exist, a defendant would be subject to the same maximum punishment and number of convictions as those defendants who possessed matter under only one subparagraph of section 311.11(c).

It is true that multiple convictions under section 311.11(c) would be permissible under section 954 if section 311.11(c) created substantive offenses, but that would not result in greater punishment. As the unit of possession defined in section 311.11(a) ("any matter") was not amended, all the different types and amounts of prohibited matter discovered at one location at one time constitute one act of possession. (*Manfredi, supra*, 169 Cal.App.4th at pp. 629–634.) Under section 654, subdivision (a), "[a]n act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision.…"[7] Thus, even if section 311.11(c)(1) and

_____

[7] Prior to January 1, 2022, section 654, subdivision (a), stated that "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the

18.

(c)(2) stated different substantive offenses, only one conviction would be punishable under section 654 where all the matter, as alleged in this case, was discovered in one location constituting one act of possession.[8] Interpreting section 311.11(c) as an alternate penalty provision does not result in less punishment.

Moreover, section 311.11(c) elevates the upper maximum term of imprisonment to five years if the offense is sentenced as a felony, but the sentencing judge nonetheless retains the discretion to sentence the offense as a misdemeanor and impose jail time and/or a fine. In cases where both factors under section 311.11(c)(1) and (c)(2) are alleged and found true, the sentencing judge has the discretion to consider those circumstances at sentencing and impose a harsher punishment than might have been imposed if only one factor was proved true. Construing section 311.11(c) as a penalty provision does not limit a sentencing judge's ability to punish more egregious circumstances more harshly.

To the extent the People argue section 311.11(c) describes a greater grade or degree of the possession offense, we are aware of no statute creating degrees of an offense without explicit language indicating so. In *Bright* the court observed that just because the Legislature amended the attempted murder statute to punish more harshly those attempted murders that were willful, deliberate and premediated—an aggravated circumstance—was not a basis to conclude the Legislature "sought to carve out a separate, higher degree of the crime of attempted murder." (*Bright, supra*, 12 Cal.App.4th at p. 668.)

---

provision that provides for the longest potential term of imprisonment ….." (See Stats. 2021, ch. 441, § 1.)

[8] Separate and distinct acts of possession may occur when child pornography is discovered in separate locations. (See *People v. Sample* (2011) 200 Cal.App.4th 1253, 1259 [act of possessing child pornography found in backpack separate and distinct from possessing child pornography found in storage shed].)

Finally, the People assert the legislative history of Senate Bill No. 145, which amended section 311.11(c), supports a conclusion section 311.11(c) was meant to create new substantive offenses. The People note the legislative history of Senate Bill No. 145 contains statements referring to section 311.11(c) as "aggravated child pornography possession offenses" (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 145 (2013–2014 Reg. Sess.) as amended Apr. 2, 2013, p. 2) and stating the bill would "create[e] new categories of offenses" (Assem. Com. on Appropriations, Analysis of Sen. Bill No. 145 (2013–2014 Reg. Sess.) Aug. 21, 2013, p. 1.) Moreover, the People assert, when *Manfredi* held that possession of multiple images of child pornography found in the same location and at the same time could not be fragmented into separate counts, the court added that the Legislature could amend section 311.11 to describe the unit of possession in singular terms or "create varying grades of the offense based on the quantity of pornography possessed at one time." (*Manfredi, supra*, 169 Cal.App.4th at p. 634.) The People contend the Legislature did exactly that by creating varying "grades" of possession of child pornography under section 311.11(c)(1) and (c)(2).

Even assuming this legislative history indicates a latent ambiguity in the statute, it does not persuade us the Legislature intended section 311.11(c)(1) and (c)(2) to be substantive offenses. Various legislative committee bill analyses reflect the Legislature's intent to punish more harshly those who possess more egregious forms of child pornography by providing *higher penalties*—a phrase used throughout all of the legislative analyses related to Senate Bill No. 145—for possessing a certain amount and/or type of child pornography, not through more convictions.

For example, a Senate Public Safety Committee bill analysis noted that because case law, specifically *Manfredi*, concluded the word "'any'" in the child pornography law is ambiguous, a defendant who possessed multiple items of child pornography on one occasion is guilty of only one crime. The analysis then added that "[t]o address the issue discussed in *Manfredi*, this bill authorizes a higher penalty for possession of" the matter

20.

articulated in section 311.11(c).  (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 145 (2013–2014 Reg. Sess.) as amended Apr. 2, 2013, p. 10.)

Senate Bill No. 145's author commented that the bill addressed concerns about prior proposed legislation in 2009, which had attempted to allow additional counts of child pornography for each victim and/or piece of media, but was criticized for potentially resulting in thousands of additional counts and potentially hundreds of additional years of incarceration.  (See Assem. Com. on Public Safety, Analysis of Sen. Bill No. 145 (2013–2014 Reg. Sess.) as amended May 28, 2013, p. 5.)  The solution to these concerns Senate Bill No. 145 crafted was not based on securing greater punishment through more convictions, which section 654 would generally preclude in any event, it was to create higher penalties when the possession offense was committed with certain aggravating factors.

Indeed, the final senate floor analysis of the Senate Rules Committee, among other committee analyses, described the proposed section 311.11(c) as providing "that where a defendant is *convicted* of possession of child pornography and one of the following circumstances [in section 311.11(c)(1) or section 311.11(c)(2)] is established, the defendant shall be guilty of an alternate felony-misdemeanor .…"  (Sen. Rules Com., Off. of Sen. Floor Analyses, Analysis of Sen. Bill No. 145 (2013–2014 Reg. Sess.) as amended Sept. 3, 2013, p. 5, par. 1, italics added; see Assem. Com. on Public Safety, Analysis of Sen. Bill No. 145 (2013–2014 Reg. Sess.) as amended May 28, 2013, p. 1; Assem. Com. on Appropriations, Analysis of Sen. Bill No. 145 (2013–2014 Reg. Sess.) as amended Aug. 21, 2013, p. 1, par. 1.)  These analyses indicate the Legislature intended a penalty provision where conviction of the substantive crime occurs first; then, when and if penalty provision circumstances are found true, a higher penalty may apply.  (See *People v. Jefferson, supra*, 21 Cal.4th at p. 101 [A penalty provision "sets forth an *alternate* penalty for the underlying felony itself, when the jury has determined that the defendant has satisfied the conditions specified in the statute"].)  Despite referring to

21.

"new categories" of child pornography offenses and "newly defined offenses" in at least one early committee analysis,[9] the legislative analyses nonetheless described and envisioned section 311.11(c) to operate as a penalty provision.

In sum, the structure and language of the statute indicates the substantive child pornography possession offense is defined and described in section 311.11(a) while section 311.11(c) contains an alternate penalty provision when aggravating factors are established; section 311.11(c) does not create separate substantive offenses. The statute reflects the Legislature's intent to increase penalties for more egregious types of child pornography possession while allowing prosecutors and judges to retain flexibility and discretion in charging and sentencing the offense. Interpreting section 311.11(c) to be an alternate penalty provision conforms to the Legislature's intent to create higher penalties where aggravating factors are present and does not create absurd results in terms of punishment.

As section 311.11(c) is an alternate penalty provision and does not state substantive offenses, sentencing factor allegations under section 311.11(c)(1) and (c)(2) cannot be pleaded as separate offenses in separate counts under section 954. The trial court was required to sustain petitioner's demurrer. (*Babb, supra*, 3 Cal.3d at p. 851 [while mandamus cannot be issued to control a court's discretion, a writ will lie when that discretion can be exercised in only one way].)

---

[9] See Assembly Committee on Appropriations, Analysis of Sentate Bill No. 145 (2013–2014 Reg. Sess.) as amended August 21, 2013, page 1 and Senate Committee on Public Safety, Analysis of Senate Bill No. 145 (2013–2014 Reg. Sess.) as amended April 2, 2013, page 12.

## DISPOSITION

Let the writ of mandate issue directing the superior court to vacate its March 30, 2021, order overruling petitioner's demurrer to counts 1 and 2, and enter a new order sustaining the demurrer with leave to amend.  The order to show cause is discharged, and the stay of proceedings below is vacated.

MEEHAN, J.

WE CONCUR:

LEVY, Acting P. J.

POOCHIGIAN, J.